**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**H. L. OWENS, Appellee.**

No. 6712.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 25, 1957.

Rehearing Denied Jan. 6, 1958.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Jerome W. Johnson, Amarillo, of counsel, for appellant.

James D. Crow, Canadian, for appellee.

PITTS, Chief Justice.

This action was filed by appellee, H. L. Owens, against appellant, State Farm Mutual Automobile Insurance Company, for recovery under the terms of an insurance contract between appellant and a third party, namely W. D. Haddox, against whom appellee had previously recovered judgment for damages as a result of an automobile collision between motor vehicles owned by appellee and Haddox with the motor vehicle of Haddox allegedly covered by liability insurance written by appellant herein. The material facts in this case are not controverted. The record reveals that on October 29, 1955, W. D. Haddox purchased insurance coverage from appellant covering his said motor vehicle, the same being a 1954 Ford truck, and paid a premium therefor; that appellant's agent, Albert W. Gunter, sold the insurance coverage to Haddox upon a written application, accepted the premium therefor, gave him a policy number and bound the coverage to begin on the said date of October 29, 1955; that Gunter immediately thereafter sent the "binder" application of Haddox and the premium therefor to his company, appellant herein; that, as shown in his application for insurance, Haddox was using the said truck as a "dump truck" for hire and he continued to so operate his truck for some time under the "binder" insurance coverage; that, although appellant had been previously insuring dump trucks, it for some reason was then considering "getting away from dump truck" business and upon further inquiry it decided to ask Haddox to request a cancellation of his insurance contract, for which reason Gunter sometime thereafter on behalf of appellant herein suggested to Haddox through a letter that he apply for a cancellation of his truck insurance and Gunter furnished Haddox a suggestive form, which is hereinafter shown, to be used therefor; that Haddox signed the said form and returned it by mail to

Gunter in accordance with Gunter's instructions.

The said form so signed by Haddox is shown to be as follows in its entirety:

"State Farm Insurance
"Auto-Life-Fire & Casualty

Albert W. Gunter, Insurance Agent

"400 Lowry (Corner Browning & Lowry), Pampa, Texas.
"Phone: 4-4338
"December 12, 1955

"W. D. Haddox
"Box 1036
"Canadian, Texas

"Dear Sirs:

"I request the cancellation of my insurance on my 1954 2 ton Ford, motor number F60Z7D14990.

Signed: /s/ W. D. Haddox

W. D. Haddox"

Haddox testified by deposition that he received the letter enclosing the said form from Gunter on the morning of December 19, 1955, signed the same and mailed it at Canadian, Texas, between 11:00 and 12:00 o'clock the same morning, addressed to Gunter at Pampa, Texas, in accordance with Gunter's request; that about 11:00 p. m. o'clock the night of the same day, December 19, 1955, he drove his truck to get his wife who was working at a cafe in Canadian, Texas, and on their return home in Canadian his motor vehicle collided with a parked automobile owned by appellee herein, H. L. Owens, resulting in the damages out of which this action arose; that soon thereafter H. L. Owens filed suit for damages by reason of the collision against W. D. (Bill) Haddox and wife, Marie Haddox, and appellants herein through their counsel herein answered in that suit for Haddox and his wife as party defendants but later thereafter on January 25, 1956, withdrew from defending them in that case and so notified Haddox; that thereafter on February 20, 1956, that case was tried before a jury as a result of which judgment was rendered on February 20, 1956, in favor of H. L. Owens and against Haddox for the alleged damages in the sum of $995 with interest thereon; that

Owens sought through legal process to recover his damages as against Haddox but found that he could not respond to such damages after which on June 28, 1956, Owens, appellee herein, filed this action alleging his cause of action against appellant herein upon the insurance contract previously mentioned, on the grounds that by reason of the terms of the said contract appellant herein had agreed to indemnify Haddox against any and all losses sustained and all legal damages found against him by reason of a collision such as he had.

In this action both parties duly filed their pleadings and thereafter each presented a motion for summary judgment, both doing so upon the theory that no material fact issue existed and each basing his motion upon their pleadings respectively and depositions giving the testimony of W. D. Haddox and Albert W. Gunter, which depositions are before us upon special order of the trial court along with the rest of the record. Upon considering the said motions and all other pertinent matters after a hearing was held on January 26, 1957, the trial court found there existed no material fact issue to be determined for which reason it would be proper to render a summary judgment and proceeded to overrule appel-

lant's motion for summary judgment and to sustain appellee's motion for summary judgment, as a result of which summary judgment was rendered against appellant and for appellee in the sum of $1,052.25, the same being the amount of the previous judgment herein mentioned in favor of Owens against Haddox, together with interest thereon and the costs in that suit.

Appellant perfected an appeal and predicates the same upon a contention that the insurance contract between Haddox and appellant had been cancelled before the motor vehicle collision in question occurred on December 19, 1955. Appellant further contends that the letter Gunter sent to Haddox enclosing a blank form for Haddox to request a cancellation constituted an offer by appellant to cancel the insurance coverage and the same was duly cancelled when Haddox signed the request and mailed the same back to Gunter before the collision in question occurred later that same day. Appellee contends that the letter sent to Haddox by Gunter enclosing the blank form in question did not constitute an offer of appellant to cancel insurance coverage and that, although Haddox signed the blank form furnished him by Gunter and mailed it back to Gunter a short time before noon on December 19, 1955, before the said collision occurred about 11:30 o'clock that night, the language of the form used is not an acceptance but merely a request for cancellation and the form signed by Haddox did not fix or suggest a date for cancellation to become effective and the same had not been received by appellant or its agent when the collision occurred and, in any event, was not acted upon by appellant with the payment of premium by Haddox returned to him until January 24, 1956, long after the collision occurred and the damages accrued, for which reason the insurance contract was still in force and appellant is liable for the said damages by reason of its obligation under the terms of its insurance contract with Haddox.

The letter from Gunter to Haddox previously herein mentioned was destroyed after it was received and is not before us and was not before the trial court, although the form enclosed therein was signed and returned to Gunter and is a part of the record as previously shown. That transaction was had between Gunter and Haddox and both of them testified by deposition concerning the contents of the said letter in substance and there is little if any difference in the version each gave about the contents of the said letter. We find nothing in their versions of the contents of the said letter that could be reasonably construed as an offer from appellant to cancel the insurance contract. The contents of the said letter signed only by Gunter was devoted to giving reasons why Gunter was suggesting on behalf of appellant that Haddox request a cancellation. Gunter likewise testified by deposition in effect that he had no recollection of fixing any date for the cancellation of the insurance contract to become effective and that in any event he had no authority to cancel or in any way change the terms of the insurance contract but that such could be done only by the company or one of its executive officers. A specimen form of the kind of policy appellant issues to cover a risk such as this one here under consideration is before us, together with its terms, attached to a copy of the application of Haddox for the insurance contract in question and found as a part of Gunter's deposition. The terms of that specimen policy support Gunter's testimony to the effect that he had no authority as an agent to cancel or change the terms of that insurance contract. We especially refer to Sections 20 and 22 of the said specimen policy which provide that:

"20. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; *nor shall the terms of this*

*policy be waived or changed, except by endorsement issued to form a part of this policy signed by an executive officer of the company."* (Emphasis added.)

"22. Cancellation. This policy may be canceled by the named insured by mailing to the company written notice *stating when thereafter the cancelation shall be effective.* This policy may be canceled by the company by mailing to the named insured at the address shown in this policy *written notice stating when not less than ten days thereafter such cancelation shall be effective * * *."* (Emphasis added.)

Section 22 provides that if the company desires to cancel a policy, it must do so in writing stating when the cancellation shall be effective but must not be less than 10 days thereafter. According to the record before us such was not done by appellant in any event in the case at bar. The said section further provides that, if the insured desires to cancel a policy, he shall give written notice "stating when thereafter the cancellation shall be effective." According to the record before us such was not done by Haddox in the case at bar. The form for a request of cancellation furnished Haddox by Gunter and signed by Haddox does not fix a date for the cancellation to become effective. It is not addressed to appellant or anybody else other than Haddox himself. It bears a date of December 12, 1955, at the top thereof, which date Gunter testified he put there as the date he prepared the form. Haddox testified he received and signed the same on December 19, 1955, and mailed it that day back to Gunter, who testified that he sent it to appellant, which, according to the record, thereafter for the first time on January 24, 1956, acknowledged receipt of the request of Haddox, enclosed to him a draft for the return of his premium previously paid and sought retroactively to cancel the insurance contract as of noon of date December 19, 1955.

The only discrepancy of any note we find in the testimony by deposition of Haddox and Gunter is that Haddox testified positively that he received, signed and mailed the form for request of cancellation back to Gunter on December 19, 1955, all being done the same day, and on page 37 of the deposition of Haddox counsel for appellant herein says:

"We agree that we didn't receive the letter until the next day,"

which, according to the record, was after the collision occurred on the previous night. However, Gunter thereafter testified by deposition that he was not sure when he received the said form of written request back from Haddox but he was reasonably sure he saw the same on his desk on Thursday or Friday before the collision occurred on the following Monday. Under the record before us we do not think the apparent discrepancy is material in any event.

The rule is well established in this State that insurance contracts will be liberally construed in favor of the insured and strictly construed against the insurer. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379. Provisions inserted in a contract by the insurer which tend to defeat, diminish or forfeit the insurance will be construed strictly against the insurer. Home Ins. Co. of New York v. Young, Tex.Civ.App., 97 S.W.2d 360. Forfeitures are not favored in law. Home Ins. Co. v. Puckett, Tex.Com.App., 27 S.W.2d 111.

For the reasons stated it is our opinion that the negotiations and communications had between Gunter and Haddox did not in any event constitute a cancellation of the insurance contract between appellant and Haddox prior to the motor vehicle collision out of which this action arose, for which reason it is our opinion further that the trial court was justified under the record presented in rendering the summary judgment for appellee. · Appellant's point to the contrary is overruled and the judgment of the trial court is affirmed.