**BUFFALO INSURANCE COMPANY,**
Appellant,

v.

**Jimmy BEST et al., Appellees.**

No. 3365.

Court of Civil Appeals of Texas.

Eastland.

March 14, 1958.

Rehearing Denied April 11, 1958.

McMahon, Smart, Walter, Sprain & Wilson, Abilene, for appellant.

Ratliff & Ratliff, Haskell, Smith, Bickley & Pope, Abilene, for appellee.

GRISSOM, Chief Justice.

Jimmy Best, as the insured, and Commercial Credit Corporation, as mortgagee, obtained a judgment against Buffalo Insurance Company on a policy insuring Best's automobile, which was destroyed by fire. The insurer defended on the ground that a provision of the policy had been violated. The substance of said provision is that such a policy had not been cancelled within three years before Buffalo issued this policy. In a trial to the court judgment was rendered for plaintiffs and the insurer has appealed.

Appellant's points are based on the contention that a policy issued by Cavalier Insurance Corporation had been cancelled before its policy was issued. Appellant's policy became effective at 12:01 a.m. on April 13, 1956. By letter dated April 3, 1956, received by plaintiffs before Buffalo issued its policy, Cavalier notified plaintiffs that it had elected to cancel its policy "as of 12:01 a.m. Standard Time on the 14th day of April, 1956". It was agreed that Buffalo Insurance Company had an investigation made and "was advised that a prior policy had been issued on the car in question and that as per notice set out in Exhibit 'B' above said policy of insurance was cancelled April 14, 1956 * * *." Exhibit "B" is a letter from Cavalier to Best which, so far as is here material, reads as follows:

"Cavalier Ins. Corp. *has elected to cancel* their Policy No. w453–1979 *as of 12:01 A.M. Standard Time on the 14th day of April, 1956,* and notice of such cancellation has been forwarded to you in accordance with the terms and conditions of the policy. *On and after the date of such cancellation,* you will be entirely without insurance protection on your automobile." (Emphasis ours.)

The standard policy provides that it may be cancelled by the insurer by written notice stating when, not less than ten days thereafter, such cancellation shall be effective. The provision of the cancellation notice clause of the standard form policy is for the benefit of the insured. Dalton v. Norwich Union Fire Ins. Soc., Tex.Com. App., 213 S.W. 230, 231. It is intended to give the insured time to obtain other insurance before termination of the existing policy. Provisions for cancellation are strictly construed. It is apparent that it was the intention of Cavalier that its policy should be in effect on the 13th of April, 1956, and that it did not cancel its policy until 12:01 a. m. on the 14th day of April. Therefore, its policy had not actually been cancelled before appellant's policy was issued. We think the applicable law was correctly announced by the Supreme Court of Pennsylvania in Scheel v. German-American Ins. Co., 228 Pa. 44, 76 A. 507, 508, as follows:

"If the right to terminate is reserved in the policy, the conditions upon which it is to be exercised must be strictly complied with; and, if a certain number of days is required to intervene before the notice to cancel is to take effect, the policy will still be in force, and cancellation will not become effective until the expiration of the time named in the notice."

After careful consideration of all the persuasive arguments of appellant, we are constrained to hold that Cavalier's policy had not been cancelled when Buffalo issued its policy and, therefore, there had been no cancellation before appellant's policy was issued. Brewer v. Maryland Casualty Co., Tex.Civ.App., 245 S.W.2d 532, RNRE; Great National Life Ins. Co. v. Harrell, Tex.Civ.App., 157 S.W.2d 427, Writ Dis.; Frontier-Pontiac, Inc., v. Dubuque Fire &

Marine Ins. Co., Tex.Civ.App., 166 S.W.2d 746; State Farm Mutual Automobile Ins. Co. v. Owens, Tex.Civ.App., 308 S.W.2d 189; Harrington v. Bremer County Farmers' Mutual Fire Ins. Ass'n, 203 Iowa 282, 211 N.W. 383, 384; 45 C.J.S. Insurance § 450, p. 91. The judgment is affirmed.

WALTER, J., disqualified and not sitting.