NUMBER 13-00-006-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


LOIS JONES , Appellant,


v.


RAY INSURANCE AGENCY A/K/A AZTECA INSURANCE AND/OR ALAMO INSURANCE,

AND COLLISION CLINIC, INC., STATE & COUNTY MUTUAL FIRE INSURANCE COMPANY 

AND HARBOR INSURANCE MANAGERS, Appellees. 

________________________________________________________ _________


On appeal from the 55th District Court

of Harris County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez and Amidei (1)

Opinion by Justice Amidei


Appellant Lois Jones appeals from a summary judgment granted in favor of Ray Insurance Agency a/k/a Azteca Insurance
and/or Alamo Insurance (agent), State & County Mutual Fire Insurance Company (insurer), and Harbor Insurance
Managers, Inc. (Harbor), appellees. Appellant's suit was for breach of contract, DTPA violations, fraud, fraudulent
inducement, breach of good faith and fair dealings and for violation of Article 21.21 of the Texas Insurance Code.

Appellant claims the trial court improperly granted summary judgment because: (1) the motion did not address all of her
causes of action; (2) she raised sufficient evidence to raise a fact issue on her contract cause of action as to; (a) whether the
policy was effectively cancelled, and (b) whether the reasons for cancellation notice were pretextural and were contradicted
by insurance company documents; (3) the insurance companies are estopped from claiming the policy was cancelled
because they accepted and retained the December premium payment; and (4) she raised sufficient evidence to overcome the
no-evidence motion for summary judgment on her remaining claims under the Texas Deceptive Trade Practices Consumer
Protection Act, the Texas Insurance Code, for fraud or fraudulent inducement.

Reverse and remand.

Procedural Background

Appellant's original petition alleged causes of action for breach of contract, deceptive trade practices, fraud, and fraudulent
inducement. Appellees filed their motion for summary judgment. Ten days prior to the scheduled hearing, appellant
amended her petition to add causes of action under the Texas Insurance Code and for breach of the duty of good faith and
fair dealing. Appellees made objections to appellant's affidavits filed in response to the motion for summary judgment but
the trial court did not make a written ruling thereon. The trial court granted appellees' motion for summary judgment and
rendered a summary judgment disposing of all of appellant's causes of action. Appellant filed a notice of appeal.

Summary Judgment Standard

In a traditional motion for summary judgment, the movant has the burden of showing, with competent proof, that no
genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). When a defendant is the movant for summary judgment, it has
the burden to conclusively negate at least one essential element of the plaintiff's cause of action, or conclusively establish
each element of an affirmative defense. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). If the movant's
motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden shifts to the
non-movant to raise a material fact issue sufficient to defeat summary judgment. HBO v. Harrison, 983 S.W.2d 31, 35
(Tex. App.-Houston [14th Dist.] 1998, no pet.). In deciding whether a disputed material fact issue exists precluding
summary judgment, we indulge every reasonable inference in favor of the non-movant and take all proof favorable to the
non-movant as true. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Nixon, 690 S.W.2d at 548-49.

On a "no evidence" summary judgment, we review the proof in the light most favorable to the non-movant and disregard all
proof and inferences to the contrary. Tex. R. App. P. 166a(i). Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex.
App.-Houston [14th Dist.] 1999, no pet.). A no evidence summary judgment is improperly granted if the non-movant
counters with more than a scintilla of probative proof to raise a genuine issue of material fact. Id. Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of the existence of a
fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence exists when the
evidence "rises to a level that would enable reasonable and fair minded people to differ in their conclusions." Merrill Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (quoting Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.
1994)).

In the order granting summary judgment in favor of appellees, the trial court did not state the specific grounds for its ruling. 
Therefore, we will affirm if any of the theories advanced in the motion for summary judgment are meritorious. See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

Factual Summary

Appellant purchased a new 1998 Pontiac automobile and purchased a State & County Mutual Fire Insurance Company
(insurer) insurance policy from agent and Harbor covering the automobile. Appellant discussed with agent that her sister
lived with her, and was advised by him that would not be a problem, and as long as she paid the premiums on time she
would have insurance. The policy excludes coverage for anyone residing with appellant age fourteen or over unless listed. 
Appellant paid the November and December premium payments. The policy was effective from November 7, 1997 through
May 7, 1998.

On December 28, 1977, appellant's automobile was severely damaged when hit by another automobile driven by an
uninsured drunk driver. Her vehicle was towed to Collision Clinic, Inc. The day after the accident, appellant was told by
the insurer that she was in the computer and was fully covered by the insurance policy. Less than thirty minutes after she
was told she was covered, appellant received a call from the insurer and was told she no longer was covered by the policy. 
At first appellant was told the policy was cancelled because she had not excluded her sister as a driver. Later she was told
that the cancellation was because she had not provided a copy of her driver's license. Appellees allege the notice of
cancellation was sent by letter on November 25, 1997, to appellant at 9109 Fondren #605, Houston, Texas 77074, but
appellant denies receiving the letter and notice of cancellation. The letter allegedly advised appellant that her insurance
policy would be cancelled on December 4, 1997. During the ensuing dispute with appellees without her knowledge,
Collision Clinic, Inc. foreclosed on her vehicle for repairs which had not been performed and notwithstanding she had not
been given an estimate of repair cost. The foreclosure caused appellant's primary lienholder to foreclose and repossess the
vehicle even though she continued to make her monthly payments to the lienholder. Appellees have not returned
appellant's December 1997 premium payment or any part thereof.

Analysis of Issues Presented

In appellant's issue number II, the appellees' claimed cancellation notice is attacked and appellant argues there is a question
of fact because she denies she ever received the notice of cancellation allegedly mailed by the appellees on November 25,
1997. The alleged notice of cancellation is the primary summary judgment ground alleged by appellees to counter each and
every cause of action alleged by appellant. Appellees contend that the language of the policy, ". . . Proof of mailing of any
notice shall be sufficient proof of notice . . . ," prevents appellant from claiming she did not receive the notice of
cancellation, and as a consequence appellant has no cause of action against appellees, particularly as alleged in her
amended petition.

Appellees' response to appellant's issue number II is that Harbor conclusively proved that it mailed a cancellation notice "in
accordance with policy terms." The policy provides the insurer may cancel by mailing at least ten days notice to the named
insured, as follows:

"A. Cancellation. . . .

2. We may cancel by mailing at least 10 days notice to the named insured shown in the Declarations at the address shown
in this policy.

D. Other Termination Provisions.

1. . . . Proof of mailing of any notice shall be sufficient proof of notice . . . ."

The cases cited by appellees, Duff v. Secure Fire & Marine Ins. Co., 227 S.W.2d 257 (Tex. Civ. App.-El Paso 1949, no
writ) and Willis v. Allstate Ins. Co, 392 S.W.2d 799 (Tex. Civ. App.-Dallas 1965, writ ref'd n.r.e.), are not applicable
because they involve cancellation for nonpayment of premiums. In this case, the premiums were paid and the appellees
had no right to cancel for nonpayment of premiums. Assuming the insurer had lawful grounds to cancel, the fact that the
insured never received the notice of cancellation raises a fact question as to whether the notice was actually mailed. The
"proof of mailing" policy provision operates to excuse the insurer of further proof of notice only where the insured died, or
moved without leaving a forwarding address. That provision does not make the notice of cancellation conclusive if the
receipt of the notice is controverted by the insured. Beacon National Insurance Co. v. Young, 448 S.W.2d 812, 814 (Tex.
Civ. App.-Dallas 1969, writ ref'd n.r.e.). In policies as in this case where the insurer is required to give a certain number of
days notice prior to the cancellation date, it cannot be determined whether the insured was afforded the number of days as
agreed unless the insured received the attempted cancellation notice; and unless received, it is ineffective. Crisp v. Sec.
Nat'l Ins. Co., 369 S.W.2d 326, 330, 331 (Tex. 1963). Further, where there is conflicting evidence relating to an insurer's
failure to perform under the terms of the policy, the issue must be decided by the trier of fact. Universe Life Ins. Co. v.
Giles, 950 S.W.2d 48, 56 (Tex. 1997).

Cancellation of personal automobile insurance policies is governed by article 21.49-2B of the Texas Insurance Code, which
provides in pertinent part as follows:

* * *

§2. This article applies only to:

(1) a personal automobile insurance policy, other than a policy written through the Texas Automobile Insurance Plan.

* * *

§4.(a) An insurer may cancel an insurance policy covered by this article only as provided by this section.

 


 An insurer may cancel a policy if the named insured does not pay the premium or any portion of the premium when due. 





 


 An insurer may cancel a policy if the board determines that continuation of the policy would result in a violation of this
code or any other law governing the business of insurance in this state.




 


 An insurer may cancel a policy if the insured submits a fraudulent claim.




(e) An insurer may cancel a personal automobile insurance policy if the driver's license or motor vehicle registration of
the named insured or any other motor vehicle operator who resides in the same household as the named insured or who
customarily operates an automobile covered by the policy is suspended or revoked.

(f) An insurer may cancel a policy, other than a personal automobile insurance policy, if there is an increase in the hazard
covered by the policy that is within the control of the insured and that would produce an increase in the premium rate of the
policy.

(g) Cancellation of a policy under subsection (b), (c), (d), or (f) of this section does not take effect until the 10th day
after the date the insurer mails notice of the cancellation to the insured.

(h) An insurer may cancel a personal automobile insurance policy with

 the cancellation taking effect on any 12-month anniversary of the original effective date of the policy but only if
the insurer mails to the named insured written notice of the cancellation not later than the 30th day before the
effective date of the cancellation.

(i) An insurer may cancel a personal automobile insurance policy if it has been in effect less than 60 days. An insurer
may cancel any other policy if it has been in effect less than 90 days.

* * *

tex. Ins. Code art. 21.49-2B, §§ 2, 4 (Vernon 2000). (Emphasis supplied).

An insurer may cancel a personal automobile insurance policy only for the grounds listed in § 4 of article 21.49-2B of the
Texas Insurance Code, and if the policy has been in effect less than sixty days. tex. Ins. Code art. 21.49-2B, § 4(i). 
Subsection (i) does not allow an insurer to cancel for any reason other than listed in the other subsections of § 4, and by
implication would prohibit cancellation after sixty days, but since the policy in this case was in effect less than two months,
the sixty-day provision doesn't apply.

If the grounds appellees claimed to cancel the appellant's policy were not listed in § 4 of article 21.49-2B, they were in
violation of the statute. The grounds were requests for information which had been obtained by appellees prior to the
issuance of the policy. On December 1, 1997, appellant went in person and paid the December premium at the agent's
office which was accepted and nothing was said to appellant about any problem with her coverage or that further
information was needed to keep her policy in effect. The December premium was never refunded to appellant. The
accident occurred on December 28, 1997. When appellant first reported the accident to the insurer as required by the
policy, she was told she was fully covered by her policy. Less than thirty minutes later, appellant was told she was not
covered by the policy. Appellant then contacted Harbor and was first told the policy was cancelled because appellant had
not excluded her sister as a driver of the automobile. Appellant immediately told Harbor that her sister was specifically
excluded on the policy and that her December premium had been accepted three days after the supposed notice of
cancellation was sent. Appellant denied receiving the notice of cancellation. Later appellant learned that another ground for
cancellation was that she had not provided a copy of her driver's license. Appellant was never asked to provide the
insurance company with a copy of her driver's license, and the policy itself reflects her driver's license number, the state of
issuance and her date of birth, which indicates the insurer somehow obtained that information from appellant. Appellant
advised the agent when she applied for the policy that she lived with her sister, and he replied that was no problem and she
would have insurance as long as she paid her premiums. The policy declares that all residents of appellant's household age
fourteen or over are either listed or excluded. Appellant's sister was excluded because she was not listed. The underwriting
reasons stated as the reason for cancellation appearing on the alleged Notice of Cancellation in question: "NEED 515A OR
DRIVER INFO FOR LOLA S. JONES. WE ALSO NEED LOIS' COPY OF DRIVERS LICENSE" are of no import and
had no effect on appellant's coverage, whether she received the notice or not. Since none of the subsections of said § 4
apply to the reasons stated in the notice of cancellation, and are not authorized by Art. 21.49-2B Texas Insurance Code
(Vernon Supp. 2000), the notice of cancellation is illegal and void.

Further, and equally important, is whether the alleged notice of cancellation is void because it did not afford ten days notice
as required by the policy and § 4(g) of Art. 21.49-2B of the Texas Insurance Code. Subsection 4(g) provides that a
cancellation does not take effect until the tenth day after the date the insurer mails notice of the cancellation to the insured. 
Appellees allege the notice was mailed in a letter dated November 25, 1997, and Richard Smith, the litigation and claims
manager for Harbor claims in his affidavit supporting appellees' motion for summary judgment that the attached certificate
of mailing proves that Harbor mailed the November 25, 1997 notice of cancellation. What Mr. Smith did not tell us was
the date the November 25, 1997 letter of transmittal was mailed. The certificate of mailing shows that the November 25,
1997 letter was not mailed until December 1, 1997, the same day appellant went in person to pay the December premium. 
This means that the tenth day after the notice was mailed was December 11, 1997, and even if appellant received the notice
it only provided at the most three days notice if you only view the notice without considering the amount of time it
normally takes the postal service to deliver the letter. Considering postal delivery time, appellant could not have been
expected to receive the letter until December 3 or 4. Such a short time of notice would not have afforded appellant a
reasonable amount of time to obtain other insurance before termination. The cancellation notice clause of a standard form
policy is for the benefit of the insured, intended to give the insured time to obtain other insurance before termination of the
existing policy. Buffalo Inc. v. Best, 312 S.W.2d 270, 271 (Tex. Civ. App.-Eastland 1958, writ ref'd n.r.e.).

As a general rule, insurance policies are construed in favor of coverage. Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d
734, 737 (Tex. 1990). Specific policy provisions for cancellation of coverage must be strictly construed and complied with. 
Cruz v. Liberty Mut. Ins. Co., 853 S.W.2d 714, 717 (Tex. App.-Texarkana 1993), rev'd on other grounds, 883 S.W.2d 164
(Tex. 1994); United States Liability Ins. Co. v. Baggett, 285 S.W.2d 804, 807 (Tex. Civ. App.-Texarkana 1955, writ ref'd
n.r.e.). It is immaterial whether appellant actually received the notice of cancellation as it did not give appellant the
required number of days notice at the time it was mailed. However, appellant denies receiving the notice. 

We construe the policy provision in this case regarding cancellation the same as required by Insurance Code Art.
21.49-2-B, § 4(g) (Vernon Supp. 2001) and conclude this requirement is mandatory. Since the alleged notice of
cancellation failed to give ten days notice after the notice was mailed, it was fundamentally defective and void. Therefore,
appellant's policy was in full force and effect on December 28, 1997, the date of the accident.

Sub-issues to appellant's issue number II complain: (1) that the grounds for cancellation of the policy, i.e. she allegedly did
not tell the agent that her sister lived with her, and that she did not show her driver's license to the agent, were contradicted
by documents in the insurer's files; and (2) at the time appellant paid the December premium in person, three days after the
notice of cancellation was allegedly mailed, (2)

 no mention was made of any problem of coverage and the December premium was never refunded to her. (3)

Appellant proved: (1) that she told the agent that she lived with her sister, (2) the policy excluded coverage for anyone
residing with appellant age fourteen or over, (3) there were no premiums due at the time of the accident on December 28,
1997, because she had paid the December premiums, (4) her driver's license number was on the policy application, and (5)
the December premiums were not refunded to her. These facts show there was no fraud by appellant in obtaining coverage,
and there was no failure by her to pay premiums. Appellees did not prove any ground for cancellation.

Appellant's issue number II and the sub-issues to issue number II are granted.

In issue number I, appellant complains that the motion for summary judgment does not address her causes of action under
the Insurance Code and for breach of the duty of good faith and fair dealing which were added in her amended petition.

Appellant filed her second amended petition ten days prior to the summary judgment submission date. The amended
petition added causes of action under the Texas Insurance Code and for breach of the duty of good faith and fair dealing. If,
in response to the motion for summary judgment, the non-movant amends his petition to add new causes of action, the
movant is required to amend the motion to negate the newly pled theories. Rose v. Kober Fin. Corp., 874 S.W.2d 358,
361-362 (Tex. App.-Houston [14th Dist.] 1994, no writ). The appellees' motion for summary judgment did not address
these added causes of action. Appellees contend (1) that their motion for summary judgment covers the newly pled causes
of action because they are merely a variation of appellant's contract cause of action previously alleged, and (2) that both the
Insurance Code claims and the bad faith claims are defeated because of the lack of coverage because the policy was
cancelled prior to the accident. Appellees' argument and authorities are based on the assumption the policy was cancelled.
However, since we have found the attempted cancellation was ineffective to cancel the policy, and appellant's contract
cause of action remains pending unaffected by the motion for summary judgment, it is not a valid argument that the
Insurance Code and breach of good faith causes of action may be a variation of the contract cause of action. It may be at
some point in the litigation the appellant will choose which cause she relies on for her remedy, but she is not required to
make the choice in summary judgment proceedings.

Appellant's issue number I is granted.

Appellant's issue number III argues that she responded to the no-evidence motion for summary judgment with competent
summary evidence on each of the elements of her causes of action on the Texas Deceptive Trade Practices Act (DTPA), for
fraud, for fraudulent inducement, and for certain claims under the Texas Insurance Code. A sub-issue contends that
appellees' failure to obtain written rulings waived any objections to appellant's summary judgment evidence.

Appellant's response to appellees' motion for summary judgment contains some summary judgment proof on each of her
claims under the Texas Deceptive Trade Practices - Consumer Protection Act (DTPA), and the Texas Insurance Code,
to-wit:

1. That there were representations the policy had or would have characteristics that it did not have. See Tex. Bus. &
Comm. Code Ann.§ 17.46 (b)(5) (Vernon 1987 & Supp. 2001). The policy was represented to appellant as having
coverage as long as she paid the premiums, and that it could not be cancelled because she lived with her sister or because
she allegedly did not give her driver's license information when in fact the information was written in the policy. These
misrepresentations, appellant's reliance thereon and appellant's resulting damages are some proof of appellant's causes of
action under said § 17.46(b)(5), and under § 17.50(a)(3) for unconscionable action.

2. That the agent did not disclose information about the policy that was known at the time of the transaction with the
intention to induce appellant into the transaction she otherwise would not have entered into if the information had been
disclosed. See Tex. Bus. & Comm. Code Ann. § 17.46(b)(23) (Vernon 1987 & Supp. 2001). Appellant established: (1) the
appellees knew the policy could not be cancelled for the reasons given, (2) the appellees failed to disclose such information
to appellant, (3) appellees intended to induce appellant to purchase the policy by failing to disclose that appellees would
attempt to cancel the policy for the reasons alleged, and (4) appellant would not have purchased the policy had it been
disclosed to her that appellees would attempt to cancel the policy for the reasons alleged. Intent should be presumed where
the information withheld is material, the information was known by the defendant, and the defendant did not disclose it. 
Richard M. Alderman, The Lawyer's Guide to the Texas Deceptive Trade Practices Act, (§ 4.22, 2d Ed 2000). If there is a
logical reason for the failure to disclose other than to induce the appellant into purchasing the policy, the burden shifts to
appellees to prove it. Id. Intent under subsection (23) in the usual case must be shown by circumstantial evidence because
only in the most unusual circumstance can a plaintiff produce a witness to testify of a declaration by the defendant of intent
to engage in unlawful conduct. Freeman v. Greenbriar Homes, Inc., 715 S.W.2d 394, 397 (Tex. App.-Dallas 1986, writ
ref'd n.r.e.).

3. That the insurer advertised the policy with the intent not to sell it as advertised. See Tex. Bus & Comm. Code Ann.§
17.46(b)(9) (Vernon 1987 & Supp. 2001). The policy was advertised through the agent representing that it would provide
coverage as long as appellant paid the premiums. Appellant testified that she had discussed the policy with the agent and it
turned out not to be what she bargained for, and that the insurance company affirmatively misled her through the conduct of
the agent before and after the transaction. As stated in previous paragraph 2, the intent of the insurance company should be
presumed.

4. The insurance company represented that the policy conferred or involved rights that it did not have. See Tex. Bus. &
Comm. Code Ann. § 17.46(b)(12) (Vernon 1987 & Supp. 2001). The agent represented to appellant that she would have
coverage as long as she paid the premiums. The policy as interpreted by the insurance company did not afford the coverage
to appellant which she thought she was getting by paying the premiums.

5. That the insurance company engaged in an unconscionable action or course of action that was a producing cause of
damages to appellant. See Tex. Bus. & Comm. Code Ann. §§17.45(5), 17.50(a)(3) (Vernon 1987 & Supp. 2001). As a
matter of law, the proof conclusively shows unconscionable conduct of the insurance company under §17.45(5) because its
conduct simultaneously in retaining the premiums paid by appellant and denial of coverage was taking advantage of her to
a grossly unfair degree to her detriment. In making the determination, we examine the entire transaction and consider the
return of the premiums and denial of coverage rather than only considering appellant's lack of knowledge, ability,
experience or capacity at the inception of the transaction in deciding whether the insurance company's conduct reached the
level of gross unfairness. Griffith v. Porter, 817 S.W.2d 131, 136 (Tex. App.-Tyler 1991, no pet.). In Griffith, the court
looked to the fact the defendant failed to return an overpayment as being grossly unfair and therefore an unconscionable
course of action under §17.45(5)(A) of the DTPA prior to 1995, notwithstanding it found no gross unfairness at the
inception of the transaction. The Tyler Court cited the Supreme Court's case in Chastain v. Knoonce, 700 S.W.2d 579
(Tex. 1985), to justify examining the entire transaction to determine whether under sub-paragraph (A) a consumer has
been overreached to a grossly unfair degree.

Cases decided prior to the 1995 amendment to §17.45(5), when gross disparity between the value received and
consideration paid in a transaction involving transfer of consideration was included in sub-section (B), are "instructive," as
they held as a matter of law the payment of something for nothing is unconscionable. Johnston v. McKinney Am., Inc., 9
S.W.3d 271 (Tex. App.-Houston [14th Dist.] 1999, pet. denied)(sale of worthless equipment); Celestino v. Mid-American
Indem. Ins. Co., 883 S.W.2d 310 (Tex. App.-Corpus Christi 1994, writ denied)(insurance policy that offered no coverage).

Also, as a matter of law the appellant's damages from not having coverage to repair her car were a direct producing cause of
the insurer's conduct. However, the producing cause of consequential or economic loss damages, mental anguish damages,
additional damages, or punitive damages sustained to appellant is a question of fact for the trier of facts. See Tex. Bus. &
Comm. Code Ann. § 17.50; and Tex. Civ. Prac. & Rem. Code Ann., §§ 41.002, et seq. (Vernon Supp. 2001).

Appellees argue that since the policy was cancelled, there is no coverage and appellant has no cause of action for breach of
contract. But since appellees' attempted cancellation was void, appellant not only has a cause of action for breach of
contract but also for violations of the DTPA and the Texas Insurance Code. Further, the facts showing appellant's
application for the policy, her payment of the policy premiums, the attempted cancellation of the policy, the facts of the
accident, the denial of coverage and appellant's damages are some proof of violations of these statutes. 

Appellees waived any complaint that appellant failed to specify which portion of Art. 21.21, § 4(10) of the Texas Insurance
Code were violated because no special exceptions seeking more specific pleading of appellant were filed and ruled on by
the trial court. 

We do not agree with appellees' argument that appellant's suit is nothing more than a baseless breach of contract cause of
action. To the contrary the appellees' cancellation defense cannot be sustained.

Appellant's issue number III is granted.

Appellant contends in a sub-issue to issue number II that the insurance companies are estopped from claiming the policy
was cancelled because they accepted and retained the December premium payment. Appellees claim appellant waived her
estoppel argument by failing to plead or present evidence of estoppel in the trial court and by raising it for the first time on
appeal.

Appellant was not required to plead estoppel as a defense to appellees' cancellation claim. Glendon Inv., Inc. v. Brooks,
748 S.W.2d 465 (Tex.App. -Houston [1st Dist.] 1988, writ ref'd n.r.e.); North Am. Land Corp. v. Boutee, 604 S.W.2d 245,
247 (Tex. Civ. App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.); (It is not necessary that appellant plead a defense or an
exception to an affirmative defense).

If the matter constituting the estoppel is apparent on the face of the pleadings as in this case, estoppel need not be specially
pleaded. Shaw v. Borchers, 46 S.W.2d 967, 970 (Tex. Comm'n App. 1932). The estoppel facts are set out in appellant's
response to the motion for summary judgment as follows:

If the policy was truly about to be cancelled why could Ray Insurance accept payment on behalf of Harbor? More
importantly, why would Ms. Jones not receive refund check immediately? Instead Harbor processed the payment, thereby
confirming that the policy was still in effect, and indicated to Ms. Jones that she had liability insurance. The course of
conduct on the part of Ray Insurance and Harbor was completely inconsistent with any cancellation of the policy and
effectively operated as a revocation of any purported cancellation.

The record does not reflect that the insurance company refunded any premiums to Ms. Jones. The payment of the
premiums by Ms. Jones was not refuted by appellees.

Appellees failed to object to any defect in appellant's pleading in regard to her estoppel claim. Even if appellant was
required to plead her estoppel position, the issue was tried by express or implied consent of the parties as if it had been
raised by the pleadings. Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991) (the doctrine of trial by
consent now applies to summary judgment proceedings). In any event, pursuant to Rule 2 of the Texas Rules of Appellate
Procedure, we suspend the operation of Rule 94 of the Texas Rules of Civil Procedure to uphold appellant's estoppel claim
as we do not believe appellees were surprised by such claim and will not be unfairly prejudiced thereby. See Tex. R. App.
P. 2.

Ordinarily estoppel is a question of fact for the determination of the jury, it may be established as a matter of law by
undisputed evidence as to material facts. Foster v. L.M.S. Dev. Co., 346 S.W.2d 387, 395 (Tex. Civ. App.-Dallas 1961,
writ ref'd n.r.e.); Garver v. First Nat. Bank, 432 S.W.2d 745, 749 (Tex. Civ. App.-1968, writ ref'd n.r.e.). Therefore, we
hold as a matter of law the appellees are estopped because appellant relied to her detriment on the failure to refund the
December premium payment to her and appellees cannot claim the coverage of the policy was cancelled as attempted.

In agent's and Harbor's reply issue number IV, they claim their objections to appellant's affidavits were impliedly sustained
by the trial court even though no order was signed to indicate any ruling thereon. However, these appellees do not specify
in their brief what statements were objected to and the specific objection made thereto. It is claimed some of the statements
were conclusory, and some were hearsay. Also, these appellees argue appellant waived reliance upon her expert's affidavit
by failing to cite the specific statements objected to and then by failing to brief supporting arguments. Agent and Harbor
assume the trial court sustained their objections by implication and struck the inadmissible proof thereby placing the burden
on appellant to preserve error and overturn the trial court's ruling. We do not agree. By granting a motion for summary
judgment, the trial court does not implicitly grant the movant's objections where there is no written ruling or order. Rogers
v. Cont. Airlines, 41 S.W.3d 196, 200 (Tex. App.-Houston [14th Dist.] 2001, no pet. h.); Well Solutions, Inc. v. Stafford,
32 S.W.3d 313, 316 (Tex. App.-San Antonio 2000, no pet. h.). Although it was not appellant's burden, she did brief the
issue that these appellees' failure to obtain written rulings on their objections waived any objections to appellant's summary
judgment evidence. Agent and Harbor failed to do what they allege appellant failed to do, that is specify the testimony
objected to and the objection made thereto. There is no way to determine what, if any, testimony was stricken, and if
stricken, whether the objection was properly sustained. It was appellees' burden to preserve any error of the trial court in
ruling on their objections by obtaining a written order on the ruling. For there to be an "implicit" ruling as intended by Rule
33.1(a)(2)(A) of the Texas Rules of Appellate Procedure and relied on by agent and Harbor, there must be something in the
summary judgment or the record to indicate the trial court ruled on objections other than the mere granting of the summary
judgment. These appellees have not pointed out anything to indicate an implicit ruling except the Mother Hubbard clause
which was lined through to indicate the trial court did not intend to enter such a clause. The presence or absence of a
mother hubbard clause in a summary judgment is of no import to show the trial court implicitly ruled on objections. Well
Solutions, Inc., 32 S.W.3d at 317. (A Mother Hubbard clause operates on claims, not objections to summary judgment
evidence).

Further, these appellees complain that appellant waived error by failing to complain in her brief about the implied grant of
the objections. We do not agree. There was no way appellant would have known the trial court "impliedly" granted the
objections. These appellees should have obtained a written order either granting or overruling the objections. If the trial
court refused to rule, these appellees should have obtained an order indicating the refusal to rule to avoid waiving their
objections. We overrule agent and Harbor's reply issue number IV and hold they waived their objections.

In appellees' reply point number V, appellees contend that appellant failed to produce evidence of reliance and fraudulent
intent to support her fraud and fraudulent inducement claims. Appellees argue that fraud is not proven simply by showing
that a representation turned out to be false but by fraudulent intent at the time of the representation. However, we have in
this case more evidence than the representation and the failure to perform. The insurer attempted to cancel the policy for
unlawful reasons even though the appellant had paid the premiums and relied to her detriment on the representation that she
was insured. Whether the representation was made with the intent to deceive and with no intention of performing is a
question of fact. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986). The Sporljaric case outlines the law
applicable to this issue,

. . . A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving,
and with no intention of performing the act. Stanfield v. O'Boyle, 462 S.W.2d 270, 272 (Tex. 1971); Turner v. Biscoe,141
Tex. 197, 199, 171 S.W.2d 118, 119 (Tex. Comm'n App. 1943, opinion adopted). While a party's intent is determined at
the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is
made. Chicago, T. & M.C. Ry. Co. v. Titterington, 84 Tex. 218, 223, 19 S.W. 472, 474 (1892); see Smith v. Jungkind, 252
S.W.2d 596, 599 (Tex. Civ. App.-Austin 1952, writ ref'd). Intent is a fact question uniquely within the realm of the trier of
fact because it so depends upon the credibility of the witnesses and the weight to be given to their testimony. See Benoit v.
Wilson, 150 Tex. 273, 281, 239 S.W.2d 792, 796-797 (1951).



Failure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made. 
However, that fact is a circumstance to be considered with other facts to establish intent. Titterington, 19 S.W. at 474;
King v. Wise, 282 S.W. 570, 573 (Tex. Comm'n App. 1926, judgment adopted). Since intent to defraud is not susceptible
to direct proof, it invariably must be proven by circumstantial evidence. Maulding v. Niemeyer, 241 S.W.2d 733, 737 (Tex.
Civ. App.-El Paso 1951) (orig. proceeding); Turner v. Biscoe, 171 S.W.2d at 119. 'Slight circumstantial evidence' of fraud,
when considered with the breach of promise to perform, is sufficient to support a finding of fraudulent intent. Niemeyer,
241 S.W.2d at 738.



Id. (Emphasis supplied).



Appellees base their argument that there is no evidence of fraudulent intent or reliance on their objections to appellant's
summary judgment proof, but since their objections were waived as previously discussed herein, we accept the proof
offered by appellant. Appellant's affidavits and deposition testimony are sufficient to raise fact issues as to fraudulent
intent and reliance.

Also, appellees claim appellant relied on the policy provisions rather than the agent's representations. Appellant had a right
to rely on the policy provisions and the policy is sufficient to support her reliance. Hebisen v. Nassau Development Co.,
754 S.W.2d 345, 347 (Tex. App.-Houston [14th Dist.] 1988, writ denied) (reliance on a written contract is sufficient to
support reliance in a fraud case). Appellant had the right to except and require the insurer to strictly follow the policy
provisions regarding cancellation. Appellees' argument is untenable because it tried to cancel the policy for unlawful
grounds and in failing to give appellant ten days notice as required. We do not believe appellant would have relied on the
policy had she known it could be cancelled so quickly and for the reasons attempted by the insurer.

Appellant alleges she relied on the agent's representations. In her proof, appellant does not use the word "rely" but
describes in detail how she relied on the representations. Appellant's applying for the insurance policy for her new
automobile and paying the premiums in person is proof she relied on the agent's representations. Although ordinarily the
issue of reliance in a fraud case is a question of fact, Goodrich v. Pandem Oil Corp., 48 S.W.2d 606, 608 (Tex. 1932), there
is no question that appellant relied on the representations of the agent. Reliance has been established as a matter of law. 
Giddings v. Baker, 80 Tex. 308, 16 S.W. 33, 35 (1891).



Appellees' reply point number V is overruled.

The judgment of the trial court is reversed and remanded.





 

MAURICE AMIDEI

Justice (Assigned)





Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 16th day of August, 2001.





 









1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The facts show appellant paid the premium in person on December 1, 1997, the day the notice of cancellation was
mailed.

3. As we have found the notice of cancellation void and ineffective, the grounds for cancellation are not relevant. 
However, we need to determine the facts relative to the alleged grounds for cancellation in connection with appellant's
issue number III.