

NUMBER 13-12-00095-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAMIRO HERNANDEZ                                                    **Appellant,**

**v.**

LAW OFFICE OF JOHN KING AND
QUALIFIED INTERMEDIARY, INC.,                              **Appellees.**

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Ramiro Hernandez, appeals a final summary judgment granted in favor of appellees, Law Office of John King and Qualified Intermediary, Inc. (collectively, "appellees"). We reverse and remand.

## I. BACKGROUND

This case arises out of a 2003 sale of real estate in Starr County, Texas. Mis Tres Properties, LLC executed a $70,000 promissory note and deed of trust in favor of appellant in return for releasing a lien appellant held on a property Mis Tres was attempting to sell to a third party. The Law Office of John King ("King") drew up the paperwork for the transaction, and Qualified Intermediary, Inc. ("Qualified") held the funds after Mis Tres completed the sale. By the time the sale closed, appellant had been incarcerated on federal drug charges out of state and was unable to retrieve his funds. Following his release, appellant filed claims against appellees, as well as Mis Tres Properties, a limited liability company, Jamie Garcia (the principal of Mis Tres), and Steve Deck for assumpsit, conversion, and fraud.[1] In this case, appellant alleges that appellees are vicariously liable for the actions of Deck, an employee of both King and Qualified. Appellant specifically alleges that, by various misrepresentations, Deck prevented appellant's wife from obtaining his funds after appellant sent her to Deck's office to obtain them, and that appellees eventually released the funds back to Garcia. All of the appellees filed motions for summary judgment, which the trial court granted. The trial court also granted King and Qualified's motion for severance. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). We take as true all evidence that is favorable to

---

[1] We decide issues pertaining to appellant's claims against Mis Tres, Garcia, and Deck today in a companion case, *Hernandez v. Garcia*, No. 13-12-096-CV. A fuller explanation of the facts can be found in the background section of that opinion.

the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the non-moving party. *Provident*, 128 S.W.3d at 215; *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The moving party has the burden to show that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a; *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). Summary judgment is proper if the movant disproves at least one element of each of plaintiff's claims or affirmatively establishes each element of an affirmative defense. *Ortega*, 97 S.W.3d at 772 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)).

In a no-evidence summary judgment motion, the moving party contends that the nonmovant has produced no evidence to support at least one element of a particular claim for which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *See Ortega*, 97 S.W.3d at 772. Unlike with a traditional motion, the adverse party must respond with evidence, but it is not required to "marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt. We review "the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment motion must be reversed if the non-movant brought forth "more than a scintilla of probative evidence on each challenged element of his claim." *Midwest v. Harpole*, 293 S.W.3d 770, 775 (Tex. App.—San Antonio 2009, no pet.). More than a scintilla of evidence exists where there is enough evidence to "enable reasonable and fair minded people to

3

differ in their conclusions." *King Ranch*, 118 S.W.3d at 751; *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, no pet.). Less than a scintilla creates only a surmise or suspicion of the existence of a fact. *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms.*, 953 S.W.2d at 711); *In re Estate of Schiwetz*, 102 S.W.3d 355, 361–62 (Tex. App.—Corpus Christi 2003, pet. denied).

### B. Applicable Law

When a defendant moves for traditional summary judgment on the basis of the affirmative defense of the statute of limitations, the movant bears the burden to conclusively establish that the statute is applicable, including the date on which the statute began to run. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Provident*, 128 S.W.3d at 220. Determining when a cause of action accrued is a question of law. *Provident*, 128 S.W.3d at 221. In most cases, a cause of action accrues, and the statute begins to run, "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). The statute begins to run on the accrual date even if the injury is not discovered until later or all damage resulting from the injury has not yet occurred. *Id.* In certain narrow cases, however, the discovery rule defers accrual until a plaintiff "knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The supreme court has ruled that the discovery rule applies where both "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *S.V.*, 933 S.W.2d at 6 (quoting *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.3d 453, 456 (Tex. 1996)). The party moving for summary judgment on the basis of limitations must

4

negate the discovery rule if it applies and has been plead by the nonmoving party. *Envtl. Procedures, Inc. v. Guirdy*, 282 S.W.3d 602, 622 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on rehr'g). A defendant moving for summary judgment on the basis of the statute of limitations where the non-movant has pleaded the rule negates the discovery rule by proving as a matter of law that there is no question of material fact "about when plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999).

### C. Discussion

Appellees filed a traditional motion for summary judgment as to appellant's breach of contract, assumpsit, and conversion claims, and a no-evidence motion as to appellant's common law fraud claim.[2]

### 1. Claims for Assumpsit and Conversion

Appellees' motion on these two claims is materially identical to the motions filed by Jamie Garcia (the principal of Mis Tres properties) and Deck and suffers from the same defects. Our reasoning for reversing summary judgment can be found in the companion case, and we will not repeat it here. *See Hernandez v. Garcia*, No. 13-12-96-CV. The trial court erred in granting summary judgment to appellees on these two claims.

### 2. No Evidence Motion on Claim for Fraud

In the no-evidence portion of their motion, appellees argued that appellant could not provide evidence proving two of the elements of fraud. The elements of common-

---

[2] The claim for breach of contract against King and Qualified appeared in appellant's earlier pleadings, but the Third Amended Petition appears to abandon the claim against King and Qualified and proceeds only against Garcia and Mis Tres Properties. Therefore, we will not reach that part of King's motion.

law fraud are: (1) a material representation; (2) that was false; (3) when the speaker made the representation he knew it was false or made it recklessly without knowledge of the truth and as a positive assertion; (4) the speaker made the representation intending to induce the other part to act on it; (5) the party acted in reasonable reliance on the representation; and (6) the party relying on the representation suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Appellees argued in their motion that appellant could not produce any evidence of the last two elements of fraud, reliance and damages.

In his response, appellant presented evidence in the form of an affidavit from his wife that appellees' employee, Deck, eventually represented to her that it would be necessary for appellant to present himself in person to retrieve the funds even though appellant had executed a power of attorney. Appellant also included a letter from King to appellant representing that the funds had been released to Mis Tres Properties and that Garcia would provide documentation of the federal government's alleged seizure of the funds. Furthermore, appellant's own affidavit presents evidence that he took no further action once appellee's employee made that representation and that appellant subsequently presented himself to retrieve the funds almost immediately after his release from custody. Once he was unsuccessful, appellant retained the services of an attorney.

In the context of common-law fraud, a plaintiff can be induced to act or refrain from acting by reliance on the alleged misrepresentation. *TCA Bldg. Co. v. Entech, Inc.,* 86 S.W.3d 667, 674 (Tex. App.—Austin 2002, no pet.) (citing *Ernest & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001)). Assuming the truth of

appellant's evidence as we must, we conclude that appellant has presented sufficient evidence that he relied on the false representations allegedly made to him by refraining from making further inquiries regarding his funds until he was able to present himself in person. We also conclude that appellant presented sufficient evidence of damages, because he presented uncontroverted evidence that he was owed $70,000 from the proceeds of the sale, money that was eventually released back to Garcia.

Appellees objected to the evidence appellant offered in response to the no-evidence motion and now allege that appellant produced no competent summary judgment evidence in response. We understand appellees as arguing that the trial court impliedly sustained their objections to appellant's summary judgment evidence and appellant did not amend his response. *See* TEX. R. CIV. P. 166a(f). We disagree.

This Court has ruled in the past that a trial court does not impliedly sustain a movant's objections simply by granting summary judgment. *Jones v. Ray Insurance Agency*, 59 S.W.3d 739, 752–53 (Tex. App.—Corpus Christi 2001, pet. denied); *see also SSP Partners v. Gladstrong Invs. (USA) Corp.*, 169 S.W.3d 27, 34 (Tex. App.—Corpus Christi 2005, *aff'd on other grounds*, 275 S.W.3d 444 (Tex. 2008)). We have reviewed the court's order granting summary judgment and the rest of the record and have found no indication that the trial court acted on King's objections. The order simply recites that the court considered the motions, the evidence on file, the arguments of counsel, and proceeds to grant the motion. In the absence of a written ruling or some other indication in the record that the court acted on appellees' objections, we find that the affidavits were part of appellant's summary judgment evidence. *See Jones*, 59 S.W.3d at 752–53; *Schiwetz*, 102 S.W.3d at 360-61; *SSP Partners*, 169 S.W.3d at 34.

7

In sum, we hold that appellant produced more than the scintilla of evidence necessary to survive no-evidence summary judgment on his claim of common law fraud, and we reverse the trial court's grant of summary judgment on this issue.

### III. CONCLUSION

We reverse the trial court's entire order granting summary judgment and remand to the trial court for further proceedings consistent with this opinion.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
4th day of April, 2013.