Edward VAN POLEN, Anita Van Polen, and Robert Hinojosa, Appellants,

v.

Steven A. WISCH, Appellee.

No. 01–99–01428–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 8, 2000.

Rehearing Overruled July 6, 2000.

---

Timothy Hootman, Houston, for Appellant.

I. Nelson Heggen, Houston, for Appellee.

Panel consists of Justices MIRABAL, ANDELL, and DUGGAN.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

This is an appeal by plaintiffs, Edward Van Polen, Anita Van Polen, and Robert Hinojosa, from a take-nothing summary judgment rendered in favor of defendant, Steven A. Wisch, in a suit alleging breach of contract. We reverse in part and affirm in part.

The following facts are undisputed:

(1) On June 3, 1994, Hinojosa was placed on 10 years deferred adjudication for delivery of between five and 50 pounds of marihuana.

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

(2) Subsequently, the State filed a Motion to Adjudicate Hinojosa's guilt based on his violation of the conditions of probation, including failing a drug test and not reporting to his probation officer.

(3) On December 26, 1996, Hinojosa's mother and step-father, Anita and Edward Van Polen, met with Wisch to discuss hiring him to represent Hinojosa in connection with the Motion to Adjudicate.

(4) That same day, Wisch agreed to represent Hinojosa, and Wisch and the Van Polens signed a contract.

(5) In pertinent part, the contract states as follows:

THIS CONTRACT ENTERED INTO BY EDWARD VAN POLEN and ANITA VAN POLEN on behalf of ROBERT LEE HINOJOSA (D/O/B: 10–2–66), hereinafter referred to as "Client," and STEVEN A. WISCH, hereinafter referred to as "Attorney," of Houston, Harris County, Texas, on the date stated below.

For and in consideration of the following agreements you have retained the Attorney to represent client at the trial level in the defense of the charge stated below,

**MOTION TO ADJUDICATE GUILT**

. . .

Client agrees to pay an initial non-refundable retainer in the amount of $1,000.00, and an additional fee for representation herein is due in the amount of $6,500.00, *if the case is set for a court trial,* to be paid in full prior to the date of the final court trial herein. Payment of said retainer and fee is to be payable as follows:

$1,000.00 on 12/26/96

$6,500.00 on 1/15/97

. . .

It is further agreed that should the case be settled in any other manner than by a contested trial, no part of the fee is to be returned. Should the Attorney's services be terminated by the Client, no part of the sum paid to the Attorney is to be returned.

APPROVED: ROBERT LEE HINOJOSA BY:

_____
EDWARD VAN POLEN, CLIENT

_____
ANITA VAN POLEN, CLIENT

(Italics added.)

(6) On January 14, 1997, Wisch appeared in the 183rd Harris County Criminal District Court for a bond hearing, and Hinojosa's bond was set at $60,000 (Hinojosa was out-of-state at the time and was therefore not present at the hearing).

(7) On August 26, 1998, more than one-and-one-half years later, the criminal court appointed a substitute counsel for Hinojosa pursuant to his petition to the court, and the next day, pursuant to Hinojosa's stipulation of evidence in the State's motion to adjudicate guilt, Hinojosa was found guilty and his punishment was set at confinement for 12 years.

(8) The Van Polens and Hinojosa filed suit against Wisch for breach of contract, alleging they had paid him $7,500 to represent Hinojosa through the resolution of the motion to adjudicate guilt, and Wisch had failed to represent Hinojosa in defense of the motion to adjudicate guilt.

(9) Wisch filed a *motion for summary judgment* asserting: (1) the Van Polens are not and were not his "clients," and therefore, they have no standing to sue for breach of contract; (2) Hinojosa's claim for breach of contract is really a "subterfuge" for a legal malpractice claim and is barred as a matter of law because plaintiffs cannot prove Hinojosa's innocence; and (3) Hinojosa repudiated the contract by filing *pro se* motions and

requesting that the court appoint him an attorney.[1]

(10) Plaintiffs' responsive summary judgment evidence consists of the affidavits of Hinojosa, Edward Van Polen, and their attorney of record, along with the deposition of Wisch and sworn copies of court documents. Plaintiffs contend that (1) they are not required to prove Hinojosa's innocence to prevail on their breach of contract claim; (2) the Van Polens have a contractual relationship with Wisch because they hired him to represent their son; (3) there was no repudiation of the contract by Hinojosa; and (4) plaintiffs are seeking return of their money due to Wisch's failure to perform.

(11) The trial court granted Wisch's motion for summary judgment without stating the specific grounds for its ruling.

### Summary Judgment Standard

■ Wisch filed a combined "traditional" and "no evidence" motion for summary judgment. Summary judgment is proper under the "traditional" Texas Rule of Civil Procedure 166a(c) only when the movant establishes there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Long v. State Farm Fire & Cas. Co.*, 828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In reviewing the rendition of summary judgment, we assume all evidence favorable to the non-movant is true. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). We indulge every reasonable inference and resolve any reasonable doubt in the non-movant's favor. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

■ A defendant is entitled to summary judgment based on an affirmative defense if he or she proves all elements of the affirmative defense as a matter of law, such that there is no genuine issue of material fact. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995) (per curiam); *Johnson*, 891 S.W.2d at 644. Once the defendant produces evidence entitling it to summary judgment, the plaintiff must present evidence raising a fact issue. *Walker*, 924 S.W.2d at 377; *Haight v. Savoy Apartments*, 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

■ Also, under the "no evidence" motion, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. The response need only "point out evidence" that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a cmt (i) to 1997 change; *see also Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (recognizing that a no-evidence summary judgment is improper if the nonmovant brings forth "more than a scintilla of evidence"). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995).

### Plaintiff Robert Hinojosa

■ In their first point of error, plaintiffs contend that proof of Hinojosa's "in-

---

**1.** Wisch's summary judgment proof consists of his affidavit, a copy of the Stipulation of Evidence in the State's Motion to Adjudicate Guilt, a copy of Hinojosa's *pro se* motion for a speedy revocation hearing, a letter from Hi-

nojosa requesting the criminal court clerk to provide him with a copy of the docketing sheet, a detainer action letter for Hinojosa, and a copy of the criminal trial court's order appointing counsel for Hinojosa.

nocence" is not required for Hinojosa to prevail on his breach of contract claim. In contrast, Wisch contends that this case, regardless of whether the petition alleges breach of contract or legal malpractice, is controlled by *Peeler v. Hughes & Luce,* 909 S.W.2d 494 (Tex.1995), and that Hinojosa must establish that he is innocent. Further, because Hinojosa is not arguing that he is innocent of the charges alleged in the State's motion to adjudicate guilt, and his conviction has not been overturned by an appellate court, any claim for legal malpractice is prohibited as a matter of law under *Peeler.* As to Hinojosa, we agree that *Peeler* prohibits his claim.

In the *Peeler* case, Peeler complained that, before she pled guilty, her attorney did not tell her about the prosecutor's offer of transactional immunity. *Id.* at 496. She sued her attorney for DTPA violations, legal malpractice, breach of contract, and breach of warranty.[2] *Id.*

 Generally, to recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages resulted. *Id.* To recover either in negligence or under the DTPA, a plaintiff must prove causation. *Id.* at 498.[3]

 The court in *Peeler* held that "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on

direct appeal, through post-conviction relief, or otherwise."[4] *Id.* at 497–98. As a matter of law, the illegal conduct, not counsel's negligence, is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned. *Id.* at 498.

Because Peeler had not been exonerated, the court held as a matter of law that her illegal acts remained the "sole proximate and producing causes" of her indictment and conviction. *Id.* Thus, the trial court properly rendered summary judgment for the attorney on Peeler's legal malpractice and DTPA claims. *Id.*

Similarly, in this case, Hinojosa was convicted of a criminal offense and has not been exonerated on direct appeal, through post-conviction relief, or otherwise. Under *Peeler,* as a matter of law, Hinojosa's illegal acts remain the "sole proximate and producing causes" of his conviction. *See id.* Thus, *Peeler* would bar any claims by Hinojosa against his attorney for legal malpractice. *See id.* at 497–98.

Plaintiffs argue that *Peeler* does not apply to this case because plaintiffs did not sue for legal malpractice, but instead brought claims for breach of contract. However, as to Hinojosa, his claim of injury sounds in tort, *i.e.,* Wisch breached his duty to represent Hinojosa. Hinojosa must establish that he is innocent to prove that Wisch was the "sole proximate cause" of his injury. *Peeler,* 909 S.W.2d at 497–98; *see also Pham v. Nguyen,* 763 S.W.2d 467, 469 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (noting that it is well established that because legal malpractice

---

**2.** It is noteworthy that Peeler did not raise any points of error with regard to her breach of contract claim, and, as a result, the Court did not address the issue. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 499 (Tex.1995).

**3.** For a negligence claim, a plaintiff must prove that the defendant's breach of a legal duty "proximately caused" the damages. *Peeler,* 909 S.W.2d at 499. For a DTPA claim, a plaintiff must prove that the defendant's malfeasance was the "producing cause" of the damages. *Id.* (citing Tex. Bus. & Com.Code

Ann. § 17.50). Common to both tests of causation is the element of "cause in fact." *Id.* "Cause in fact" means that the defendant's conduct was a substantial factor in bringing about the injury which would not otherwise have occurred. *Id.*

**4.** Whether the plaintiff has been exonerated is merely the threshold inquiry. Once the bar is removed, plaintiffs must then prove the elements of legal malpractice. *Peeler,* 909 S.W.2d at 498 n. 3.

actions sound in tort, even if the suit is framed as a breach of contract, a two year statute of limitations applies). Because Hinojosa cannot meet this burden, his claim is barred as a matter of law. *Peeler*, 909 S.W.2d at 498. Accordingly, we overrule plaintiffs' first point of error as to Hinojosa's claim.

### The Van Polens

In their second point of error, the Van Polens contend that they have a contractual relationship with Wisch, and as a result, they have standing to sue for breach for contract. Wisch contends the Van Polens were merely "agents" of Hinojosa, and therefore have no independent cause of action.

Parties to a contract may contract for their own benefit, as well as for the benefit of the third party. *See Barnes v. Wendy's Int'l, Inc.*, 857 S.W.2d 728, 730 (Tex.App.—Houston [14th Dist.] 1993, no writ). Here, the Van Polens contracted with Wisch for him to represent their son, Hinojosa, at the trial level in the defense of the motion to adjudicate guilt. It is uncontroverted that the $7,500 paid to Wisch came from the Van Polens. Mr. Van Polen's affidavit states:

> Mr. Wisch told us that he would represent our son regarding his motion to adjudicate probation pending in Harris County, Texas for the fee stated in the contract to its final resolution. Mr. Wisch did not conclude the case for our son. Rather, Mr. Wisch did not appear in court and the court appointed another attorney who resolved the case. Because Mr. Wisch did not resolve the case as he agreed we are suing Mr. Wisch for return of our money.

The Van Polens are not suing Wisch for negligent performance; rather, they claim he failed to perform as agreed because he did not attend the hearing on the motion to adjudicate. Wisch's affidavit and deposition testimony set out actions Wisch did take in his representation of Hinojosa; however, it is uncontroverted

that Wisch did not represent Hinojosa at the adjudication hearing. We distinguish between an action for negligent legal practice and one for breach of contract relating to excessive fees for services. *See Judwin Properties, Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 506 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Jampole v. Matthews*, 857 S.W.2d 57, 62 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The summary judgment evidence raises a material fact issue regarding whether Wisch breached the contract with the Van Polens to represent their son at the adjudication hearing. Accordingly, we sustain plaintiffs' second point of error.

### Repudiation of Contract

In their third point of error, plaintiffs contend Hinojosa's filing of *pro se* motions with the criminal court and his request that the court appoint him counsel did not equate to a repudiation of the contract, thereby excusing Wisch from performing.

Repudiation or anticipatory breach is a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance. *Moore v. Jenkins*, 109 Tex. 461, 211 S.W. 975, 976 (1919); *Ennis Bus. Forms, Inc. v. Gehrig*, 534 S.W.2d 183, 189 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Laredo Hides Co., Inc. v. H & H Meat Prods. Co., Inc.*, 513 S.W.2d 210, 220 (Tex.Civ.App.—Corpus Christi, 1974, writ ref'd n.r.e.). To constitute a repudiation or anticipatory breach, the party to the contract must have absolutely repudiated the contract *without just excuse*. *Poe v. Hutchins*, 737 S.W.2d 574, 578 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

In Wisch's motion for summary judgment, he contends that Hinojosa effectively repudiated the contract by filing *pro se* motions, including petitioning the court to appoint counsel for him. In response, plaintiffs offered Hinojosa's affidavit, which states that Wisch failed to appear at more than two trial settings, that Wisch

spoke rudely to Hinojosa over the phone, that Wisch stated he did not know the status of Hinojosa's case, and that Hinojosa did not intend, by his conduct, to discharge Wisch, rather he thought Wisch was not representing him. Hinojosa's affidavit further states in relevant part, as follows:

> [W]hen I told the court people who my lawyer was they said they would call him. I later saw the judge of the court when I was taken back to court and he said he and the court people had not seen Mr. Wisch for quite some time and that they had tried to get in touch with him but could not locate him. Because of all of this and because it was obvious from my phone conversation with Mr. Wisch that he did not care about my case and was not going to work on my case like he agreed to do, when the court later asked me if I wanted a court appointed lawyer I say yes. I was then appointed a lawyer who resolved the case in one short appearance.
>
> . . .
>
> I filed a pro se motion for speedy probation revocation hearing in my case. I did not intend to discharge Mr. Wisch by filing this motion. I also sent a letter to the clerk of the 183rd court where my case was pending asking that a copy of the docket sheet be sent to me. I did not intend to discharge Mr. Wisch by sending that letter.

Wisch's affidavit in support of his motion for summary judgment presents a very different picture when compared to Hinojosa's affidavit. However, we are compelled, in this summary judgment appeal, to assume all evidence favorable to the plaintiffs is true. Therefore, we conclude material fact issues exist regarding whether Hinojosa's action constituted a repudiation of the contract. Accordingly, we sustain plaintiffs' third point of error.

We affirm the summary judgment against Robert Hinojosa. We reverse the summary judgment against Edward Van Polen and Anita Van Polen, and remand that portion of the case to the trial court for further proceedings.