Opinion issued May 16, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01196-CV

____________


PAUL ALLAN LARSON, Appellant


V.


BOB HUNT, LORRAINE PARKER,

JOSEPH C. MAGLIOLO, JR., THE HONORABLE TED POE,

RAY HARDY, DONALD FLINTOFT,

COURT REPORTER FOR PETITIONER'S HEARINGS,

UNKNOWN ARRESTING OFFICERS OF THE HOUSTON POLICE
DEPARTMENT, &

ALL OTHER UNKNOWN CO-CONSPIRATORS, Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 88-44659







O P I N I O N

 Appellant, Paul Allan Larson, entered pleas of no contest to two counts of
aggravated sexual assault of a child and pleaded guilty to one count of indecency with
a child. He then filed this civil action against his two court-appointed attorneys, two
assistant district attorneys, the district clerk, and the district judge alleging malicious
prosecution. (1) The trial court, in this civil action, granted summary judgments for the
district judge, the two assistant district attorneys, the district clerk, and one of the
court-appointed attorneys. The trial court entered a directed verdict for Bob Hunt,
Larson's second appointed attorney and appellee herein. Larson raises four issues in
this appeal. We affirm.

Facts

 In 1986, Larson was charged in three separate indictments with two counts of
aggravated sexual assault of a child and one count of indecency with a child. After
Larson entered pleas of no contest in the two cases of aggravated sexual assault and
a guilty plea in the indecency with a child case, the trial court found him guilty of all
three offenses. On appeal, his convictions were affirmed. Larson v. State, 759
S.W.2d 457, 459 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd), cert. denied,
490 U.S. 1008, 109 S. Ct. 1646 (1989).

 In 1988, Larson, representing himself pro se, filed suit against the following
parties: Bob Hunt, Donald Flintoft (Larson's first appointed attorney), Lorraine
Parker and Joseph C. Magliolo, Jr. (Harris County Assistant District Attorneys), Ray
Hardy (a former Harris County District Clerk), the Honorable Ted Poe (the trial judge
who issued the search warrant in Larson's criminal proceedings), "the court reporter
for [Larson's] hearings," and "unknown officers" of the Houston Police Department
who arrested Larson and executed the search warrant for Larson's house.

 Larson alleged the defendants had maliciously prosecuted him. Parker and
Magliolo moved for summary judgment which was granted.

 Larson filed and amended petition, alleging Hunt and Flintoft, his court-appointed attorneys, were negligent in their representation of him. He also alleged
all of the remaining defendants violated his federal and state constitutional rights. 
Larson specifically alleged the following: (1) his rights under Eighth Amendment (2) of
the United States Constitution and article 1, section 13 of the Texas Constitution (3)
were violated when Houston Police officers verbally and physically abused him and
he was held under excessive bail; (2) he was denied his right to a speedy trial; (3)
Hunt and Magliolo attempted to coerce Larson into making self-incriminating
statements instead of asserting his rights under the Fifth Amendment (4) of the United
States Constitution and article I, section 10 of the Texas Constitution; and (4) the
court reporter and the court clerk falsified records of Larson's criminal proceedings.

 Judge Poe and Hardy moved for summary judgment, and the trial court granted
their motions. At trial, only Larson's remaining claims against Hunt were tried. After
all of the evidence was heard, Hunt moved for a directed verdict, and the trial court
granted Hunt's motion.

Motion to Abate

 Larson requests that we abate this appeal because he is appealing the dismissal
of his petition for writ of habeas corpus to the Fifth Circuit Court of Appeals. See 28
U.S.C.S. § 2254 (Law. Co-op. 1992 & Supp. 2001). He argues that if he prevails on
his claims, his convictions will be overturned, and any legal bar to his claims for legal
malpractice claims will no longer exist. Larson provides no authority requiring an
abatement, and we know of none. (5) We decline to abate his appeal on these grounds.

 Larson also argues we should abate his appeal until the record can be
supplemented with the records of the underlying criminal cases, all post-conviction
proceedings related to the underlying offenses, and "Larson's attempt to get the [trial]
court to issue a scire facias once [he] learned of [Flintoft's] death." In this Court's
Order of August 9, 2001, we ordered this case to be heard and Larson's objections to
the record be taken with the case. We will consider the necessity of supplementation
in addressing Larson's points of error.

Directed Verdict

 In his first point of error, Larson argues the trial court abused its discretion in
granting a directed verdict for Hunt because, although Larson could not recover on
his claims of malicious prosecution, he presented evidence of negligence and civil
rights violations at trial.

 A court may instruct a verdict if no evidence of probative force raises a fact
issue on the material questions in the suit. Prudential Ins. Co. of Am. v. Fin. Review
Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). A directed verdict for a defendant may
be proper in two situations. Id. First, a court may direct a verdict when a plaintiff
fails to present evidence raising a fact issue essential to the plaintiff's right of
recovery. Id. Second, a trial court may direct a verdict for the defendant if the
plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's
cause of action. Id. We review the grant of a directed verdict in the light most
favorable to the party against whom the verdict was rendered and disregard all
contrary evidence and inferences. Qantel Bus. Sys., Inc. v. Custom Controls, 761
S.W.2d 302, 303 (Tex. 1988); Smith v. Radam, Inc., 51 S.W.3d 413, 417 (Tex.
App.--Houston [1st Dist.] 2001, no pet.). 

 To recover on a claim of legal malpractice, a plaintiff must prove that (1) the
attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff's injuries, and (4) damages resulted. Van Polen v.
Wisch, 23 S.W.3d 510, 515 (Tex. App.--Houston [1st Dist.] 2000, pet. denied). 
Where the plaintiff has been convicted of a criminal offense, the plaintiff "may negate
the sole proximate cause bar to their claim for legal malpractice in connection with
that conviction only if they have been exonerated on direct appeal, through post-
conviction relief, or otherwise." Peeler v. Hughes & Luce, 909 S.W.2d 494, 497-98
(Tex. 1995) (plurality opinion) (emphasis added); Van Polen, 23 S.W.3d at 515. At
trial, Larson admitted that his convictions had not been overturned. Larson does not
challenge that fact on appeal. Because uncontroverted evidence shows Larson cannot
legally maintain a claim for legal malpractice, we conclude the trial court did not err
in granting Hunt's motion for a directed verdict on Larson's negligence claims. See
Prudential, 29 S.W.3d at 77.

 Larson's petition also alleged Hunt violated his civil rights. Of the numerous
allegations made by Larson, only two involve Hunt. Larson alleged (1) he was denied
the right to a speedy trial because Hunt acquiesced to continuances in his criminal
proceedings, and (2) Hunt and Magliolo attempted to coerce Larson to make self-incriminating statements instead of asserting his rights under the Fifth Amendment
and article I, section 10 of the Texas Constitution.

 Larson fails to cite to any evidence to support his claim that Hunt and Magliolo
coerced him into making incriminating statements, other than Hunt's recommendation
that he enter into a plea bargain agreement with the State. Therefore, Larson presents
no proof to support his allegation of coercion.

 Larson cites Moreno v. State, 860 S.W.2d 612, 614 (Tex. App.--Corpus Christi
1993, pet. ref'd), for the argument that a criminal action delayed by continuances may
implicate a defendant's constitutional rights to a speedy trial. However, he cites no
authority that any such violation will support a civil suit for damages, like this one,
and we know of none. We overrule Larson's first point of error.

Motions for Summary Judgment In his third point of error, Larson argues the trial court "abused its discretion"
in granting summary judgments for Parker, Magliolo, Judge Poe, and Hardy. We
review each in turn.

 A traditional summary judgment under Texas Rule of Civil Procedure 166a(c)
is proper only when the movant establishes there is no genuine issue of material fact,
and that the movant is entitled to judgment as a matter of law. Van Polen, 23 S.W.3d
at 514. In reviewing the rendition of summary judgment, we assume all evidence
favorable to the non-movant is true and we indulge every reasonable doubt in the
non-movant's favor. Id. A defendant is entitled to summary judgment based on an
affirmative defense if he or she proves all elements of the affirmative defense as a
matter of law, such that there is no genuine issue of material fact. Id. Once the
defendant produces evidence entitling him or her to summary judgment, the plaintiff
must present evidence raising a fact issue. Id.

Parker and Magliolo

 Parker and Magliolo moved for summary judgment on the grounds that Larson
could not recover, as a matter of law, on his claim for malicious prosecution because
his convictions were valid, and because Parker and Magliolo were entitled to absolute
prosecutorial immunity. The trial court granted Parker's and Magliolo's motion. 
Because the trial court granted the motion before Larson amended his petition to
include his allegations of civil rights violations, we consider only whether summary
judgment was proper as to Larson's claim for malicious prosecution. Larson
concedes, and we conclude, his convictions bar his claim of malicious prosecution. 
See Peeler, 909 S.W.2d at 497-98; see also Van Polen, 23 S.W.3d at 515.

Judge Poe

 Judge Poe moved for summary judgment based on the affirmative defense of
absolute judicial immunity, and the trial court granted his motion. Absolute judicial
immunity provides judges with immunity from liability for judicial acts, no matter
how erroneous or how evil the motive, unless the act performed was in clear absence
of all jurisdiction. City of Houston v. Swindall, 960 S.W.2d 413, 417 (Tex.
App.--Houston [1st Dist.] 1998, no pet.). On appeal, Larson does not cite to any
legal authority concerning Judge Poe's motion for summary judgment. See Tex. R.
App. P. 38.1(h); Rocha v. State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000).

 We conclude the trial court did not err in granting Judge Poe's motion for
summary judgment. See Swindall, 960 S.W.2d at 417.

Hardy

 Larson alleged in his amended petition that Hardy falsified records by making
notations in the record and violating the orders of the court. In his motion for
summary judgment, Hardy argued he and the Harris County District Clerk's Office 
complied with all statutory obligations and judicial orders in providing Larson with
records he requested. Larson did not respond to Hardy's motion. Because Larson did
not present any evidence to refute Hardy's motion, he did not raise a fact issue as to
his claims asserted against Hardy. See Van Polen, 23 S.W.3d at 514. We conclude
that the trial court did not err in granting summary judgment for Hardy.

 We overrule Larson's third point of error.

Supplementation of the Record

 In his second and fourth points of error, Larson argues he was entitled to
supplementation of the record upon his request and he was denied his rights because
portions of the clerk's record and the reporter's record were withheld from him. 
Larson argues that the record of this appeal should be supplemented with the records
of his three criminal cases, their respective direct appeals and petitions for writs of
habeas corpus, missing documents "too numerous to list," and portions of the record
showing Larson's attempts to get the trial court to issue a scire facias.

 We have already addressed Larson's complaints about supplementation as to
all claims, except those against Flintoft or Flintoft's estate. Before trial, Larson filed
a notice with the clerk's office that suggested Flintoft was deceased and requested a
scire facias be issued. Rule 152 states that, when a plaintiff makes such a request, the
clerk shall issue a scire facias. Tex. R. Civ. P. 152. In its final judgment, the trial
court stated that it accepted Larson's stipulation that Flintoft was deceased, found that
no scire facias had been issued, and the court, therefore, lacked jurisdiction over the
representative of Flintoft's estate or his heir(s). Although the trial court should have
issued a scire facias, Larson was not harmed because he was not entitled to any relief
from Flintoft or Flintoft's estate based on his claims that Flintoft refused to represent
Larson by withdrawing from the case. Larson did not allege any facts which would
show that he was harmed by Flintoft's withdrawal as his attorney or that Flintoft
violated his civil rights. Therefore, we consider only Larson's claims of negligence. 
As with Larson's claims against Hunt for legal malpractice, Larson's convictions are
a legal bar to those claims. Peeler, 909 S.W.2d at 497-98; Van Polen, 23 S.W.3d at
515.

 We overrule Larson's second and fourth points of error.

Conclusion

 The judgment of the trial court is affirmed. 

 Jackson B. Smith, Jr.

 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (6)

 

Do not publish. Tex. R. App. P. 47.
1. The record does not show, nor does Larson allege, that the court reporter or the
unknown police officer were ever served. We, therefore, do not consider them
as parties to this appeal.
2. U.S. Const. amend. VIII.
3. Tex. Const. art. I, § 13.
4. U.S. Const. amend. V.
5. Larson has not furnished this Court with any proof of the existence of a habeas
corpus proceeding. However, this is immaterial in view of our holding.
6. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.