In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00668-CV

____________


KENNETH E. LEHRER, Appellant


V.


WAYNE H. PARIS, Appellee






On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 94-10635






O P I N I O N

 This appeal arises from the trial court's granting of a motion for partial
summary judgment in favor of appellee. Appellant contends that the trial court erred
because he raised material issues of fact. We affirm.


Background


 On or around October 20, 1989, appellant, Dr. Kenneth E. Lehrer, retained
appellee, Wayne H. Paris, to file suit against his former attorneys, the law firm of
Cook, Davis, and McFall (Firm), for legal malpractice and violations of the Deceptive
Trade Practices Act (DTPA). The Firm had previously represented Lehrer in a suit
against Richard Gould. Lehrer alleged that the Firm committed legal malpractice
because: (1) the associates who litigated the case were not competent or authorized
by Lehrer; (2) the Firm charged Lehrer excessive fees; (3) the Firm failed to conduct
adequate discovery; and (4) the Firm forced Lehrer to settle the case. 

 The Firm moved for summary judgment on March 14, 1991. After reading the
Firm's motion for summary judgment, Paris concluded that Lehrer had no
compensable claim against the Firm. Paris met with Lehrer and his expert, Garey
Stark, to discuss the motion for summary judgment. Paris told them that he would not
file a controverting affidavit because he could not swear to its veracity. Lehrer stated
that he would prepare his own controverting affidavit and left the meeting. 

 When Lehrer finished his affidavit, he demanded that Paris file it. On May 1,
1991, the trial court granted the Firm's motion for summary judgment. (1) Lehrer then
instructed Paris to appeal the trial court's judgment, which the court of appeals and
the supreme court affirmed.

 On March 9, 1994, Lehrer sued Paris for legal malpractice and DTPA
violations. Specifically, he alleged that Paris (1) failed to properly respond to a
motion for summary judgment and (2) failed to advise Lehrer of a conflict of interest. 
These claims fall under a general claim of legal malpractice.

 On September 10, 1999, Paris filed a no-evidence motion for summary
judgment, a traditional motion for summary judgment, or in the alternative, a motion
for partial summary judgment. Lehrer filed a response to the motion for summary
judgment, which included his two affidavits and the affidavits of George Neely and
Patrick Coulson. 

 On March 14, 2000, the trial court denied certain specific grounds, but granted
Paris' motion for summary judgment on other grounds. (2) 

 In his sole issue on appeal, Lehrer challenges the trial court's order granting
Paris' motion for summary judgment, arguing that a fact issue was raised on each
challenged element of legal malpractice. 


Standard of Review


 In a "no-evidence" summary judgment, a party is entitled to summary judgment
if, after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless
the nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.--Houston [1st Dist.] 1999, no
pet.). Under rule 166a(i), the party with the burden of proof at trial has the same
burden of proof in the summary judgment proceeding. Galveston Newspapers, Inc.
v. Norris, 981 S.W.2d 797, 799-800 (Tex. App.--Houston [1st Dist.] 1998, pet.
denied). In reviewing a no-evidence summary judgment, we must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in its favor. 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 

Legal Malpractice


 Generally, to recover on a claim of legal malpractice, a plaintiff must prove
that: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty;
(3) the breach proximately caused the plaintiff's injuries; and (4) damages resulted. 
Van Polen v. Wisch, 23 S.W.3d 510, 515 (Tex. App.--Houston [1st Dist.] 2000, pet.
denied). When a legal malpractice case arises from prior litigation, the plaintiff has
the burden to prove that, "but for" the attorney's breach of duty, he or she would have
prevailed on the underlying cause of action and would have been entitled to a
collectible judgment. Greathouse v. McConnell, 982 S.W.2d 165, 172-73 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). This aspect of the plaintiff's burden
is commonly referred to as the "suit within a suit" requirement. Id. at 173.

 In order to prevent the granting of a no-evidence motion for summary
judgment, Lehrer had the burden to present some evidence that raises a fact issue on
the challenged elements identified in the motion for summary judgment as having no
evidentiary support. See Macias, 988 S.W.2d at 317. For Paris to prevail, his
assertion that there is no evidence to support at least one of the elements of a legal
malpractice cause of action must go unanswered by Lehrer with more than a scintilla
of evidence. 

 In Paris' motion for summary judgment, he argued that there was no evidence
of proximate cause, namely, the suit within a suit requirement. The trial court granted
the motion for partial summary judgment on this no-evidence ground and others. For
purposes of appeal, it is necessary for us to decide only whether Lehrer has presented
some evidence of the suit within a suit requirement.

 Lehrer's evidence consisted of his response to the motion for summary
judgment, his two affidavits, and the affidavits of Coulson and Neely. Generally, an
affidavit supporting or opposing a motion for summary judgment must set forth facts,
not mere legal conclusions. See Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex.
App.--San Antonio 1995, writ denied); Beta Supply Inc. v. G.E.A. Power Cooling
Sys., Inc., 748 S.W.2d 541, 542 (Tex. App.--Houston [1st Dist.] 1988, writ denied).
The testimony of an expert of only legal conclusions is insufficient to support
summary judgment as a matter of law. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex.
1991). In a legal malpractice case, experts must opine on legal issues, but the opinion
must be based on facts described in the affidavit. It is insufficient to opine that
Paris's conduct led to the entry of a summary judgment against Lehrer. In order to
defeat the summary judgment, there must be evidence that Lehrer would have
prevailed at trial and would have been awarded a collectible judgment. See
Greathouse, 982 S.W.2d at 172-73.

 In Coulson's affidavit, he stated that, based upon the appellate opinion, (3) "the
failure to file an appropriate response led to Dr. Lehrer's losing on the motion for
summary judgment." Coulson's statements in his affidavit do not raise a fact issue
concerning whether Lehrer would have prevailed at trial. 

 In Neely's affidavit, he stated that Paris's negligence proximately caused
damages to Lehrer. He listed the conduct that constituted negligence and concluded
that the conduct fell below the standard of care. Although Neely's affidavit stated
that Paris breached his duty, the affidavit did not address the question whether Lehrer
would have prevailed in the final trial of the underlying suit but for Paris's
negligence. Thus, this affidavit also fails to raise a fact issue on the suit within a suit
requirement.

 The trial court must grant the no-evidence motion for summary judgment
unless the nonmovant produces more than a scintilla of evidence raising a genuine
issue of material fact on each of the challenged elements. Young Refining Corp. v.
Pennzoil Co., 46 S.W.3d 380, 386 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied). Because Lehrer did not present some evidence to show that he would have
prevailed on the final trial of the underlying cause of action and would have been
entitled to judgment, the no-evidence motion for summary judgment was properly
granted. 

 We overrule Lehrer's sole issue.

 Given our disposition of Lehrer's issue, we decline to address Paris's issues
on cross appeal.




Conclusion


 We affirm the judgment of the trial court. 



 Adele Hedges

 Justice

Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.
1. The trial court did not specify why it granted the Firm's motion for summary
judgment.
2. The trial court rendered a final judgment, but seems to have called it a partial
summary judgment because it rendered summary judgment on some grounds
but not others. Therefore, jurisdiction is not an issue in this case.
3. Lehrer v. Cook, Davis & McFall, No. 6-91-087-CV (Tex. App.--Texarkana
Nov. 19, 1991, writ denied) (not designated for publication) (affirming the trial
court's granting of the Firm's motion for summary judgment).