Reversed and Remanded and Memorandum Opinion filed May 1, 2003









Reversed and Remanded and Memorandum Opinion filed May
1, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01164-CV

____________

 

GERALD T. OWENS, Appellant

 

V.

 

SALLY FARRIER OWENS, Appellee

 



 

On
Appeal from the 312th District Court

Harris County, Texas

Trial
Court Cause No. 99-48470B

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Gerald T. Owens appeals the trial court=s summary judgment in favor of appellee
Sally Farrier Owens based on Gerald=s
alleged anticipatory repudiation of a ASeparation Agreement@ between the parties.  We
find there was a genuine issue of material fact precluding summary judgment and
therefore reverse and remand to the trial court.

                            I.  Factual
and Procedural Background








In December of 1979, Gerald and Sally entered into a ASeparation
Agreement@ in New York, and a New York court entered a divorce judgment
based on that agreement.  The ASeparation
Agreement@ provides that Gerald will pay Sally $4,855.50 per month
starting on January 10, 1980, and terminating on the death of either party or
the remarriage of Sally.

Gerald
domesticated the New York judgment in Texas and filed a motion to modify this
judgment in the trial court.  After
filing the motion, counsel for Gerald sent a letter, dated February 28, 2001,
to counsel for Sally, the body of which read in its entirety:

In
light of Mr. Owens= immediate
financial situation, and the imminence of the hearing on our motion to
eliminate Aalimony@,
[sic] Mrs. Owens will not be receiving any loan, advance, or support payment
for March.

Inasmuch
as the applicable New York statute provides that a modification of a support
obligation is retroactive, his paying her now would only mean that she would
have to repay the money in the future.

If
Mr. Owens= financial
situation improves, or if the Court should not agree with our position, Mr.
Owens will, of course, re-examine the matter.

In
respect of the mortgage installment due Wells Fargo for the month of March, it
is Mr. Owens= intention to
pay direct his 42% share thereof.  Mrs.
Owens needs to pay the remaining portion either direct to Wells Fargo, or by
promptly furnishing the funds therefor to Mr. Owens
in order that he may remit the full amount.

As I stated, we
will review the situation after Judge Squier=s
decision.

Sally
filed a motion for summary judgment alleging that, as a matter of law, this
letter from Gerald=s counsel constitutes an anticipatory repudiation of the ASeparation
Agreement@ that entitles Sally to judgment in the amount of the present
value of all future payments that Sally would receive under the ASeparation
Agreement,@ based on her expected life span.

The
trial court granted Sally=s motion and signed an interlocutory judgment that Sally
recover from Gerald $474,091, plus interest. 
The trial court later signed a severance order that made this judgment
final.  

 

 

 








                                                   II.  Issues
and Analysis   

In
his first issue, Gerald asserts the trial court erred in granting summary
judgment because there was a genuine issue of material fact concerning whether
Gerald repudiated the ASeparation Agreement@ by sending the February 28, 2001 letter.  We agree.

The
only basis for summary judgment that Sally alleged in her motion was that
Gerald anticapatorily repudiated the ASeparation
Agreement@ in the February 28th letter. 
The only summary-judgment evidence of this alleged repudiation is the
letter itself.  

The
Texas Supreme Court has described anticipatory repudiation as follows:

The
intention to abandon the contract at some future date is no breach of it; but,
when that intention is declared in positive terms and unconditionally, it has
the effect . . . to repudiate the contract itself, and to terminate the
contractual relations between the parties . . . .  But, to have this effect, the declaration of
an intention not to perform the contract in the future must be unconditional in
its terms . . . AIt must be a
distinct and unequivocal [sic] absolute refusal to perform the promise . . .@

 

Kilgore v.
Northwest Texas Baptist Educational Soc.,
37 S.W. 598, 600 (Tex. 1896) (quoting Benjamin, Sales '
568).  Furthermore, to recover for
anticipatory repudiation, Sally must prove that Gerald=s
distinct, unequivocal, and unconditional repudiation of the ASeparation
Agreement@ was without just excuse. 
See Van Polen v. Wisch,
23 S.W.3d 510, 516 (Tex.
App.CHouston [1st Dist.] 2000, pet. denied).








The
February 28th letter states that because of Gerald=s
financial situation and an imminent hearing on his motion to Aeliminate
>alimony,=@ Gerald would not be making the March 2001 payment.  Gerald plainly states that, if the trial
court disagrees with his position regarding the elimination of alimony, then he
will re-examine the matter.  Although
Gerald=s
letter indicates that Gerald will not be making the March 2001 payment, it is
not clear that this statement applies to any obligation under the ASeparation
Agreement@ other than the obligation to make the March 2001 payment.  Further, the summary-judgment proof does not
establish that Gerald distinctly, unequivocally, and unconditionally declared
an intention to abandon or renounce his obligations under the ASeparation
Agreement.@  Having reviewed the
summary‑judgment proof using the familiar standard of review for
traditional motions for summary judgment[1],  we hold that the February 28th letter does
not prove anticipatory repudiation as a matter of law and that there is a
genuine issue of material fact as to whether Gerald has distinctly,
unequivocally, unconditionally, and without just excuse declared an intention
not to perform under the ASeparation Agreement@ in the future.  See
Van Polen, 23 S.W.3d at 516B17;
McKenzie v. Farr, 541 S.W.2d 879, 881B82 (Tex.
Civ. App.CBeaumont 1976, writ ref=d n.r.e.).  Accordingly,
we find the trial court erred in granting summary judgment, and we sustain
Gerald=s
first issue.

In
his fourth issue, Gerald complains that the trial court erroneously granted a
severance of these alimony issues from other issues that were pending between
the parties in the trial court.  After
reviewing the record, we find no indication that Gerald objected to the
severance in the trial court, thus preserving his complaint for appellate
review.  Because Gerald=s
fourth issue presents nothing for our review, we overrule it.  See Tex.
R. App. P. 33.1; Shank, Irwin, Conant &
Williamson v. Durant, Mankoff, Davis, Wolens & Francis, 748 S.W.2d 494, 501 (Tex. App.CDallas
1988, no writ).  

Having sustained Gerald=s
first issue, we need not address his other issues.[2]  We reverse the trial court=s
summary judgment, and remand this case to the trial court for further
proceedings consistent with this opinion.                                                                         

 

 

/s/        Kem
Thompson Frost

Justice

Judgment rendered and Memorandum Opinion
filed May 1, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.











[1]  See
Dolcefino v. Randolph,
19 S.W.3d 906, 916 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  





[2]  Because we
reverse on liability and remand the entire case, we do not reach the issue of
whether the trial court applied a proper measure of damages.