OPINION HEADER 
















NUMBER 13-01-00832-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

SALOME MEDINA, LUCILLA MEDINA,
AND DEBRA LEE LOPEZ,                                                         Appellants,

v.

APACHE CORPORATION,                                                            Appellee.
                                                                                                                       

On appeal from the 139th District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Chavez



Memorandum Opinion by Justice Hinojosa
          Appellants, Salome Medina, Lucila Medina, and Debra Lee Lopez, sued Apache
Corporation and MW Petroleum Corporation for damages to their homes allegedly caused
by seismographic surveys performed near their homes in 1996. On September 1, 1998,
MW Petroleum Corporation merged into Apache Corporation, and Apache Corporation
became the sole defendant. In four issues, appellants contend the trial court erred in
rendering summary judgment in favor of appellee, Apache Corporation, enforcing a
settlement agreement, and in denying appellants’ motion to set aside a contract. We
affirm.
A. Factual and Procedural Background
          On or about May 26, 1999, during a telephone conversation, appellee’s counsel,
Dominic J. Ricotta (“Ricotta”), informed appellants’ counsel, David Wood (“Wood”), that
appellee offered to pay $1,500 for each home to settle the case. Wood told Ricotta that
he had authority to settle the case for $1,500 per home, and that he would notify the court
before June 7, 1999, that the parties had agreed to settle the case. That same day,
Ricotta faxed the following letter to Wood:
This is to confirm our agreement to settle the above-captioned matter. 
Apache has agreed to pay Salome and Lucilla Medina One Thousand Five
Hundred and 00/100 Dollars ($1,500.00) and Debra Lopez [$1,500.00] . . .
in exchange for a complete release, including a confidentiality provision, and
a dismissal of the above-captioned matter with prejudice . . . .
 
Attached is a draft Settlement Agreement and Release relating to the
Medinas and a draft Settlement Agreement and Release relating to Mrs.
Lopez. Please review these draft agreements and let me know whether you
have any questions or concerns. Once these agreements are finalized, I will
send you executable copies along with the payments referenced therein. 
 
The draft documents were faxed with the letter.
          On June 1, 1999, Wood sent a letter to the trial court, advising it “that the parties
have agreed to settle the referenced case and will be submitting appropriate dismissal
documents.” During the next seven months, neither Wood nor appellants communicated
to appellee, appellee’s counsel, or the trial court that they had any objections to the
proposed settlement agreements or the terms outlined in Ricotta’s May 26 letter. No
settlement agreements were ever signed.
          Over the next several months, Ricotta sent Wood several faxes, “confirming that
Plaintiff had authorized the settlement.” Attached to these faxes were draft forms for
signatures. On December 8, 1999, Ricotta sent Wood a letter stating, “[y]our clients may
like to receive the settlement funds prior to the holidays. However, I cannot forward the
checks to you unless and until I receive the signed agreements.”
          On or about January 5, 2000, Wood informed  Ricotta that appellants would not
settle their claims against appellee for $1,500.00 each, and their positions with regard to
settlement had changed. On January 18, 2000, appellee filed a “Motion to Enforce
Settlement Agreements, or, Alternatively, Motion to Dismiss for Want of Prosecution, with
Incorporated Legal Authority.” At the February 23, 2000 hearing on the motion, the trial
court said it would not dismiss the case and would treat the motion to enforce settlement
agreement as a motion for summary judgment. Appellants filed their response to the
motion on March 23, 2000.
          At the summary judgment hearing, the trial court stated that it had reviewed the
letters attached to appellee’s motion to enforce settlement agreement and found that they
established, as a matter of law, that the parties had entered into a Texas Rule of Civil
Procedure 11 agreement. On May 3, 2000, appellee deposited the settlement proceeds
into the registry of the court.
          On May 8, 2000, appellants filed their “Motion to Set Aside ‘Contract.’” That motion
was denied by the trial court on September 10, 2001.
          Appellants subsequently filed a motion for new trial, objecting to: (1) the trial court’s
failure to rule on their objections to Ricotta’s affidavit in support of appellee’s motion for
summary judgment; (2) the trial court’s failure to sign an order or judgment regarding
appellee’s motion for summary judgment; (3) the lack of finality of the “Final Judgment;”
and (4) the trial court’s denial of their motion to set aside the contract. Appellants’ motion
for new trial was overruled by operation of law. On December 7, 2001, appellants filed
their notice of appeal.
          On December 27, 2001, appellee filed a motion for judgment nunc pro tunc. On
February 7, 2002, the trial court signed its “Final Judgment Nunc Pro Tunc.” 
B. Jurisdiction
          In two issues, appellants contend the trial court erred in: (1) signing a document
entitled “Final Judgment” that was not a final appealable judgment; and (2) failing to timely
sign a written order on appellee’s motion to enforce settlement agreement/motion for
summary judgment. It is unclear from appellants’ brief, however, which order they contend
was signed untimely. Because we are obligated to determine, sua sponte, issues effecting 
jurisdiction, we will do so here. See M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex.
2004) (per curiam). 
          Unless otherwise statutorily authorized, an appeal may be taken only from a final 
judgment or order. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (Vernon 1997 &
Supp. 2004-05). A judgment or order is final for purposes of appeal if it disposes of all
parties and all issues in the record so that no further action is required by the trial court,
except as necessary to carry out the decree. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). The law
does not require that a final judgment be in any particular form; therefore, whether a
decree is a final judgment must be determined from its language and the record in the
case. Lehmann, 39 S.W.3d at 195. 
          Appellants contend, as does appellee, that the “Final Judgment” of September 10,
2001, was not a final judgment. We agree. The September 10, 2001 judgment failed to
dispose of appellee’s motion to enforce settlement agreement/motion for summary
judgment, as the portion referencing the motion was deleted. The only issue the judgment
actually disposed of was appellant’s motion to set aside contract. Therefore, the
September 10, 2001 judgment did not constitute a final appealable judgment.
          Because the September 10, 2001 judgment was not a final judgment, the trial court
continued to have authority over the case. Accordingly, we conclude the trial court’s
February 7, 2002 judgment is not a nunc pro tunc judgment; it is the trial court’s final
judgment because it was signed by the trial court when it had authority over the case. 
Because the trial court’s February 7, 2002 judgment disposes of all parties and all issues
in the record, we hold it constitutes a final appealable judgment. See Lehmann, 39 S.W.3d
at 195.
C. Summary Judgment
          Appellants complain that the trial court erred in rendering a summary judgment in
favor of appellee. Specifically, appellants contend there are genuine issues of material fact
regarding the existence of an enforceable rule 11 agreement.
          We review the grant of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank-Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied). To prevail on a traditional motion for summary judgment and place the burden
on the nonmovant to raise a genuine issue of material fact, the movant must conclusively
establish, by proper summary judgment evidence, all essential elements of the claim. 
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). The movant has the
burden of showing that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991). In deciding whether there is a genuine issue of material
fact, all evidence favorable to the nonmovant will be taken as true, and all reasonable
inferences made, and all doubts resolved, in its favor. Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997). The nonmovant has no burden to respond to a traditional
motion for summary judgment unless the movant conclusively establishes its cause of
action or defense. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.
2000) (per curiam).
          Appellants assert the trial court erred in refusing to rule on and sustain their
objections to appellee’s motion to enforce settlement agreement/motion for summary
judgment and its attachments. The general rule is that a party asserting an objection to
evidence must obtain a ruling on that objection to preserve error. Tex. R. App. P.
33.1(a)(2).
          The record does not contain a written ruling on appellants’ objections to appellee’s
summary judgment evidence. The failure to obtain written rulings on objections to
summary judgment evidence waives the issue, unless the record reflects an implicit ruling
by the trial court. Jones v. Ray Ins. Agency, 59 S.W.3d 739, 752-53 (Tex. App.–Corpus
Christi 2001, pet. denied); see Tex. R. App. P. 33.1(a)(2)(A) (trial court must either
expressly or implicitly rule on an objection in order for a complaint to be preserved for
appellate review). For there to be an “implicit” ruling as intended by rule 33.1(a)(2)(A),
there must be something in the summary judgment order or the record to indicate that the
trial court ruled on the objections, other than the mere granting of the motion for summary
judgment. Jones, 59 S.W.3d at 753.
          We find nothing in the record showing that the trial court implicitly ruled on
appellants’ objections. The trial court's summary judgment provides that the court
“reviewed Defendant’s Motions, Plaintiffs’ Motion, all responses thereto, the summary
judgment evidence, and all incorporated pleadings.” Although the summary judgment
recites that the trial court considered “the summary judgment evidence,” we cannot
ascertain what evidence the trial court considered. Without something in the summary
judgment or the record to indicate that the trial court ruled on the objections, we cannot
conclude that the trial court implicitly overruled appellants’ objections. 
          Appellants also argue that the writings in this case do not constitute a rule 11
agreement because: (1) they were not signed by both parties; (2) they were not filed with
the court; and (3) any agreement was further unenforceable because it was repudiated by
appellee. Under rule 11, no agreement between the attorneys or parties to a suit is
enforceable unless it is in writing, signed, and filed with the papers as part of the record,
or unless it is made in open court and entered of record. See Tex . R. Civ. P. 11.
          A settlement agreement must comply with rule 11 to be enforceable. See Padilla v.
La France, 907 S.W.2d 454, 460 (Tex. 1995). To satisfy the “in writing” provision of rule
11, the same contract principles apply that are used to determine when a “writing” satisfies
the statute of frauds. See id. Thus, a rule 11 settlement agreement is not enforceable
unless it is complete within itself as to every material detail and contains all the essential
elements of the agreement so the contract can be ascertained from the writing, without
resort to oral testimony. See id. The written memorandum, however, need not be
contained in one document. See id. Furthermore, “slavish adherence to the literal
language of the rule is not required in all cases.” Kennedy v. Hyde, 682 S.W.2d 525, 529
(Tex. 1984).
1. Signature Requirement 
          The trial court concluded that the May 26, 1999 letter from Ricotta to Wood, together
with the June 1, 1999 letter from Wood to the trial court constituted an agreement. 
Appellants contend that the June 1 letter, combined with the May 26 letter, cannot
constitute a rule 11 agreement because the June 1 letter does not have anything in it
concerning any settlement terms, and only Ricotta signed the May 26 letter.
          We note that a series of letters evidencing the material terms of settlement
exchanged by the parties’ representatives have been held sufficient to satisfy the writing
requirement of rule 11. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 266-68 (5th Cir. 1995); Borden v. Banacom Mfg. & Mktg., Inc., 698 F. Supp 121, 124 (N.D. Tex.
1988); Padilla, 907 S.W.2d at 460.
          In the instant case, the May 26, 1999 letter was a written confirmation of an oral
settlement agreement reached that same day by appellants’ counsel and appellee’s
counsel in a telephone conversation, which included the essential element that appellee
agreed to pay appellants $1,500 for each home. Without any objection, appellant’s
counsel verified the agreement when he notified the trial court in his letter of June 1, 1999,
that the parties had agreed to settle the case. Because counsel for appellee signed the
May 26 letter, and counsel for appellants signed the June 1 letter confirming the material
terms of the agreement, we conclude that both the in-writing and signature requirements
of rule 11 were satisfied.
2. Filing Requirement
          Appellants further contend that the mere attachment of the May 26 letter to
appellee’s motion for summary judgment does not satisfy the requirements of rule 11. In
Padilla, the supreme court stated: “[a]lthough Rule 11 requires the writing to be filed in the
court record, it does not say when it must be filed. . . . The purpose of the filing
requirement . . . is to put the agreement before the court so that ‘the court can judge of [its]
import, and proceed to act upon [it] with safety.’” Padilla, 907 S.W.2d at 461 (quoting
Birdwell v. Cox, 18 Tex. 535, 537 (1857)). The purpose of rule 11 “is satisfied so long as
the agreement is filed before it is sought to be enforced.” Padilla, 907 S.W.2d at 461. We
conclude appellee met that requirement by filing the May 26 and June 1 letters as
attachments to the motion for summary judgment. See id. 
3. Repudiation
          Finally, appellants argue that appellees repudiated the settlement agreement by
refusing to issue payment until appellants had signed the proposed draft settlement
agreement and release. In support of this argument they refer to the December 8, 1999
letter from Ricotta to Wood.
          Repudiation or anticipatory breach is a positive and unconditional refusal to perform
the contract in the future, expressed either before performance is due or after partial
performance. Van Polen v. Wisch, 23 S.W.3d 510, 516 (Tex. App.–Houston [1st Dist.]
2000, pet. denied). It is conduct that shows a fixed intention to abandon, renounce, and
refuse to perform the contract. City of Corpus Christi v. Taylor, 126 S.W.3d 712, 725 n.9
(Tex. App.–Corpus Christi 2004, pet. dism’d).
          In the December 8, 1999 letter from Ricotta to Wood, Ricotta does state that he
cannot forward the checks until he receives the signed settlement agreements. However,
we do not agree that this conduct evidences a refusal to settle based upon the material
terms of the contract. 
          When the parties came to an oral agreement regarding the settlement on May 26,
1999, Ricotta confirmed the settlement by sending the May 26 letter to Wood. Attached
to the letter was a “draft Settlement Agreement and Release” relating to each appellant. 
In reference to these documents, Ricotta stated, “Please review these draft agreements
and let me know whether you have any questions or concerns. Once these agreements
are finalized, I will send you executable copies along with the payments referenced
therein.” After he received the letter and draft documents, Wood sent his June 1 letter to
the trial court informing the court that the case was settled. It was not until appellee filed
its motion to enforce settlement that appellants expressed any objections to the draft
settlement agreements.
          We note that Ricotta’s reference to the signing of these particular documents in his
December 8 letter was as a result of a conversation he had with someone in Wood’s office
on October 14, 1999. At that time, Ricotta was informed that appellants had approved the
settlement but had not come into the office to sign the agreements. Thus, Ricotta was led
to believe that the proposed agreements were approved.
          We find nothing in the record indicating appellee’s intention to repudiate the
settlement agreement. In fact, prior to the trial court’s grant of summary judgment,
appellants never asserted that appellee had repudiated the agreement. The assertion of
repudiation was made by appellants only after appellee had obtained its summary
judgment and had deposited the settlement proceeds into the registry of the court. Clearly,
appellee was ready, willing, and able to go forward with the material terms of the
agreement set forth in the May 26 and June 1 letters.
          We overrule all of appellants’ issues and affirm the judgment of the trial court. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Retired Justice Melchor Chavez not participating.

Memorandum Opinion delivered and filed this
the 17th day of March, 2005.